### BARNHILL *v.* WOODARD ET AL.

[No. 3,423. Filed April 4, 1901.]

COUNTIES.—*Insurance of Public Buildings.—Allowance of Claim.— Appeal.*—In the absence of fraud, an appeal will not lie from the action of the board of county commissioners in allowing a claim for premium for insurance of public buildings.

From the Monroe Circuit Court. *Affirmed.*

*H. A. Lee* and *L. M. Grimes,* for appellant.
*H. C. Duncan* and *Ira C. Batman,* for appellees.

COMSTOCK, J.—On September 27, 1899, appellees filed with the auditor of Monroe county, Indiana, a certain claim for premium on insurance. On October 2, 1899, the board of commissioners allowed the same, and from the allowance this appeal was taken to the Monroe Circuit Court. There appellant made a motion to dismiss the appeal for the reason that the board of commissioners had no jurisdiction of the claim. Appellees filed their motion to dismiss appeal for reason that the decision of the board in allowing the claim was not such as from which an appeal would lie. The court overruled the motion of appellant to dismiss cause appealed, and sustained the motion of appellees to dismiss the appeal, for the reason that no appeal lies from the allowance. Errors assigned are that the court erred in sustaining the motion of appellees to dismiss appeal, and that the court erred in overruling the motion of appellant to dismiss the cause appealed.

The claim filed was as follows: Monroe county, Indiana, to Woodard & Sare, Dr.

To insurance canceled and rewritten...... $303
By return premium old policies.......... 101

Due ........................... $202

The order of allowance is as follows: "The auditor is hereby ordered to draw his order on the treasury for several amounts thereof, to wit: 1341 Woodard & Sare, $202 for premiums of insurance of public building, after deducting from $303, $101, which is return premium, leaving $202, as above shown."

In *Potts* v. *Bennett,* 140 Ind. 71, the board of commissioners of Vanderburgh county entered an order "that the court-house, * * * furniture and fixtures therein and the boiler house, be insured for the sum of * * * $352,000, for the term of five years, and that such insurance be placed in the insurance companies represented" by certain persons named in the order. It was also ordered that the persons named be allowed the sum set opposite their names respectively for the accounts stated for premiums on said insurance. The appellant filed an affidavit before the board showing that he was a heavy taxpayer of the county and a resident citizen thereof, and as such was aggrieved by the decision and allowances, and for the further reasons that the insurance was unnecessary; that the treasury of the county was practically empty; that there was no money therein to pay said allowances; that it was extravagant and made without any notice by publication or otherwise without competition, and that there were reputable insurance companies in Evansville that were not given an opportunity to compete for said insurance. Upon motion of the appellees, the superior court of Vanderburgh county dismissed the appeal. From that decision an appeal was taken to the Supreme Court. By that tribunal it was held that the acts of the commissioners were purely ministerial in their character and

were authorized by law, and so long as they acted in good faith, within the powers conferred on them by statute, their acts could not be questioned on appeal. In the course of the opinion, the court said: "It is contended by the appellant that by §7858 Burns 1894, §5771 R. S. 1881, it is provided that 'From all decisions for allowances other than those provided for in the preceding section [which are for allowances for voluntary services or things voluntarily furnished for the public use], an appeal may be taken * * * to the circuit court,' etc., and that in this case there was an allowance, not for services voluntarily rendered nor for things voluntarily furnished for the public use, and hence, by the terms of the statute, an appeal is expressly authorized. Ordinarily an allowance or disallowance of a claim against a county involves judicial action from which an appeal is authorized by this section. But it must be borne in mind that the allowance here is a mere incident to and part of the whole order. And the appeal is from the whole order. The main part of the order appealed from is the contract of insurance on the county property for a period of five years and the allowances were to pay the premium on that contract. If it be conceded that the contracts of insurance were themselves ministerial acts on the part of the board, as we think they clearly were, then they can not be reviewed and set aside on appeal. And if the allowance to the insurance agents for the payment of the premium on such contracts may be appealed from, that is, if that part of the order may be appealed from without appealing from the whole order, and on such appeal may be set aside and annulled, yet that would have the same effect as appealing from the contract part of the order also, because if the provision for the payment of the premium is reviewed and set aside, the contracts of insurance would be as effectually defeated as if the appeal had been entertained as to the whole order and the whole order reviewed and set aside on appeal." The court also held that the entering into the contract of insurance and the making of the allowances

Barnhill *v.* Woodard.

could not be separated, and that they would stand or fall together.

In our opinion, the case cited decides the question before us. The power to contract for insurance carries with it the incidental one to make an allowance for the performance of the contract. In *Gemmill* v. *Arthur,* 125 Ind. 258, at p. 261, the Supreme Court, by Mitchell, J., said: "If, however, a board of commissioners makes an allowance when it would have had no power to make a contract for the services or things for which the allowance is made, the allowance is illegal, and any taxpayer feeling aggrieved may have relief by appeal." The converse of the proposition is also true, that the board may make an allowance for services or things for which they had power to contract, and, in the absence of fraud, from such allowance there is no appeal.

Counsel for appellant in their able brief quote from *Potts* v. *Bennett,* 140 Ind. 71, the following expression: "But we do not mean to hold that from an allowance pure and simple, an appeal will not lie; on the contrary an appeal from such allowance is expressly authorized by the statute", as recognizing the right of appeal for which they contend. We do not so interpret it. It is not inconsistent with the proposition assumed that the right to contract and the right to make the allowance for insurance go together. It has reference to the allowance of claims involving only the exercise of judicial functions.

In the case at bar no fraud is charged. The court did not err in dismissing the appeal. It follows that the trial court did not err in overruling appellant's motion to dismiss the cause.

Judgment affirmed.