PAYNE *v.* CRAVENS ET AL.

[No. 14,114.   Filed February 11, 1931.]

*Fields & Faris*, for appellant.

*Edwin Corr, George W. Henley* and *Curtis G. Shake*, for appellees.

CURTIS, J.—Action by Carrie G. Payne, appellant herein, against Oscar H. Cravens, George W. Purcell and Purcell Publishing Company, appellees, for damages for an alleged breach of contract.

The complaint alleges, in substance, that, on August 6, 1925, Oscar H. Cravens was the owner of the Bloomington Evening World, a daily newspaper in the city of Bloomington; that, on that day, Cravens and appellant entered into a written contract whereby Cravens agreed to sell to appellee all copies of such newspaper at one cent per copy and a minimum weekly sum of not less than $114; that Cravens was to sign an agreement with the Indianapolis News for the purpose of distributing the Indianapolis News and the Bloomington World together, and any profit realized by virtue of such contract was to enure to the benefit of appellant; appellant was to be reasonably diligent in distributing the papers and was to solicit subscriptions to the World. It was further alleged that appellee took up her duties under the contract on April 29, 1926, and fulfilled her duties as therein set forth; that Cravens carried out his agreements under the contract until in November, 1926, at which time, he (Cravens) sold the newspaper to defendant Purcell Publishing Company. It is also alleged that the publishing company knew of such agreement between Cravens and appellant and assumed and agreed to carry out the terms of said contract and agreed to be bound by said contract the same as the defendant Cravens; that the contract was carried out by the publishing company until February 28, 1927, at which time George W. Purcell and the publishing company refused to abide further by the contract.

For the alleged breach of this agreement, appellant asked damages. Defendants (appellees) Purcell and Purcell Publishing Company filed answer in two paragraphs: (1) General denial; and (2) voluntary abandonment of the contract by appellant. Defendant (appellee) Cravens filed answer in four paragraphs: (1) General denial; (2) voluntary abandonment of the contract by appellant; (3) cross-complaint admitting the contract but asking for reformation of it; and (4) additional answer and counter-claim alleging an indebtedness of $900 due him from plaintiff (appellant). Reply was by general denial and there was a stipulation that, without further pleading, any defense might be made by the plaintiff to the counter-claim of defendant Cravens.

The finding of the court was as follows: Finding against plaintiff (appellant) upon her complaint; finding against defendants on their cross-complaint; finding that defendants recover costs; judgment accordingly. From this judgment, the plaintiff appeals and assigns as error the overruling of her motion for a new trial, under which her only reasons for a new trial assigned are: (1) insufficiency of evidence and; (2) that the judgment is contrary to law.

Appellant says in her reply brief that she is not contending that a finding should have been made against appellees George W. Purcell or Purcell Publishing Company. This would certainly be the correct result, as there was testimony in the trial court entirely sufficient to sustain the finding of the court as to them. Appellee Purcell testified substantially as follows: "I never told her (appellant) at anytime I could not use her any longer or that her employment was at an end; the first information and intimation I had of her going or leaving my employment was a notice I saw published in the Bloomington Telephone; it was a complete surprise to me; she came to me and told me she was severing her

connections with the office (Purcell Company) and going to the Telephone; I absolutely deny that, during the month of February, I told her I could not use her; I could have used Mrs. Payne and Mr. Law both very nicely and never told her I could not use them both."

While the testimony on abandonment of the contract by appellant was sharply conflicting, yet this court will not weigh the same and we deem that issue settled against appellant.

It is alleged in the complaint that the appellee Cravens, at some unknown time in November, 1926, sold his newspaper to the appellees Purcell and Purcell Publishing Company. The evidence shows that, within a few days after such sale, the appellant was informed of the sale and that she, according to her own testimony, "continued under the terms of the new contract until February 27." The evidence is clear that both she and the new owner proceeded for nearly three months under the terms of the contract she had with Cravens. Appellant claims she was discharged by appellee Purcell Publishing Company, and it, in turn, claims that, on February 27, 1927, she voluntarily abandoned the contract and took employment with another newspaper, the Bloomington Telephone. The lower court evidently found that she abandoned her contract.

It will be remembered that there was a general finding against the appellant on her complaint. In this complaint, she proceeded upon the theory that the "Purcell Publishing Company assumed and agreed to carry out the terms of the contract herein sued on and agreed to be bound by said contract, the same as the defendant Oscar H. Cravens." She further alleged "that, after said contract had been carried out by all parties herein to the 28th day of February, 1927, the Purcell Publishing Company and George W. Purcell, defendants herein, notified this plaintiff that they would

no longer carry out their part of the contract; that they would no longer allow her to purchase the copies of the Bloomington World under said contract and notified her that they did not want to transact any further business with her and asked her to leave said plant." The above allegations taken in connection with the entire complaint fully commit the appellant to the theory above mentioned. This same theory must be adhered to upon appeal to this court. *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 173 N. E. 330. There are no allegations in the complaint of any breach of the contract by appellee Cravens, unless it be the following: "that, in November, 1926, defendant Cravens sold said newspaper to defendant Purcell Publishing Company . . . ; at the time of the sale, defendant Cravens did not consult with plaintiff relative to her contract except to state to defendant [plaintiff] orally that said contract would be carried out in full by the defendants Purcell and Purcell Publishing Company." Under the evidence, there was ample showing that the defendants Purcell and Purcell Publishing Company did carry out the contract and that the appellant voluntarily abandoned same.

There are no specific allegations in the complaint that, by the sale of the newspaper by Cravens to Purcell Publishing Company, the appellant was in any way damaged, unless we consider such allegations as there are with the further fact that the Purcell Publishing Company did not carry out the contract between the appellant and Cravens, but this issue was fully settled against appellant by the court's general finding against appellant on her complaint.

Under the complaint and the issues tendered by the answers and reply and stipulation, we believe the trial court's decision is fully sustained by the evidence. We find no reversible error.

Judgment affirmed.