BROKAW *v.* BROKAW.

[No. 14,494.   Filed November 24, 1933.]

*Theodore T. Wood* and *H. W. Mountz,* for appellant.

*Maurice McClew, Henry C. Springer* and *Atkinson & Husselman,* for appellee.

CURTIS, J.—This was an action by the appellee, Gladys E. Brokaw, against the appellant, Joseph Brokaw, to recover the possession of certain real estate, and damages for the alleged unlawful detention thereof. The complaint was in one paragraph containing the usual allegations of ownership, right to possession, notice to

vacate, unlawful detention, demand for possession and damages. The answer was in general denial.

Upon the issues thus formed the cause was submitted to the court for trial. There was a general finding for the appellee on her complaint that she was the owner of and entitled to the possession of the real estate described in her complaint and entitled to damages in the sum of Fifteen Hundred Dollars ($1,500.00) for the unlawful detention thereof. The judgment followed the finding.

A motion for a new trial was seasonably filed and overruled and this appeal prayed and perfected. The only error assigned is the ruling of the court on said motion. The motion for a new trial contains seven causes or grounds, but the appellant in his brief, under the heading of "errors relied upon for reversal" says that he relies for reversal upon the following causes or grounds of his motion, to wit: "(1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; (3) that the damages assessed by the court are excessive; (4) that the court erred in the assessment of the amount of recovery, in that said amount of recovery is too large." The other three causes in the motion for a new trial are therefore waived by the appellant and will not be considered in this opinion.

A full determination of each of the said causes in the motion for a new trial, not waived, requires an examination of the evidence.

The appellee bases her rights in and to the real estate in question upon her claim that she is the widow and sole heir of Milton J. Brokaw, deceased, who died intestate, the owner of said real estate on August 22, 1928. There was ample evidence from which to conclude that they were duly married according to the forms of the law on November 27, 1922, and that they lived together continuously thereafter as husband and

wife until the husband's death almost six years later. The appellant is the brother of the said husband of the appellee and claims that the appellee is not the legal widow of his brother, asserting that the appellee was not legally divorced from her former husband. Her said decree of divorce was in cause number 17924 in the Allen Superior Court of this state, entered on the 7th day of May, 1919. It is contended by the appellant that there were two jurisdictional defects in said divorce proceeding, to wit: 1st, That the affidavit filed with the complaint was dated two days preceding the date of the filing of the complaint; 2nd, That no summons was issued in said cause. Neither of these theories can here prevail for obvious reasons, only two of which need be considered. First, the alleged defect in the affidavit has been cured by validating statutes, and, secondly, even if no summons were issued and even if the appellant might collaterally attack the decree (which we do not decide) yet perchance the first husband was dead at the time of her second marriage and this presumption in the absence of evidence to the contrary will be indulged in favor of the second marriage. It is a well established rule that the presumption in favor of the validity of a marriage are among the strongest known to the law. They are by no means overcome by the evidence in the record in the instant case. It becomes unnecessary to discuss the question as to whether or not the appellant is in a position to attack said divorce decree collaterally as he seeks to do in this case.

Another contention is made by the appellant that he was in possession of said real estate under a contract of purchase from his deceased brother. The court heard evidence on that issue and decided adversely to the appellant. We would not be justified in disturbing the conclusion reached herein by the trial judge.

The rule is that if there is competent evidence or if legitimate inferences may be drawn from such evidence to sustain the decision of the court it will not be disturbed on appeal. We have made a careful examination of all of the evidence as shown by the record. In our opinion there was competent evidence to prove the material allegations of the complaint. It amply sustains the decision of the court. Said decision is not contrary to law. There was evidence before the court upon which it could reasonably have assessed the damages at more than the amount awarded the appellee; therefore, we cannot say that the amount is excessive or too large.

It is true that some of the evidence was conflicting, but it is well settled that this court will not weigh such evidence on appeal and substitute its judgment thereon for the judgment of the trial court. See: Ewbank's Manual of Practice, Sec. 46, also 128; *Schmidt et al.* v. *Zahrndt* (1897), 148 Ind. 447, 47 N. E. 335; *Payne* v. *Cravens* (1931), 92 Ind. App. 197, 174 N. E. 712; *Lighthouse Electric Company* v. *Kellogg Switchboard and Supply Co.* (1932), 95 Ind. App. 69, 182 N. E. 545.

We find no reversible error. Judgment affirmed.

Wood, P. J., not participating.