CONTINENTAL ROLL & STEEL FOUNDRY COMPANY
*v.* SLOCUM.

[No. 16,957. Filed May 8, 1942.]

*William J. McAleer, Francis J. Dorsey, William L. Travis,* and *Raymond B. Young,* all of Hammond, for appellant.

*E. A. Heffner* and *Robert Estill,* both of Indianapolis, for appellee.

CURTIS, J.—This was an action before the Industrial Board of Indiana instituted by the appellee for the adjustment of a claim for compensation under the Indiana Workmen's Occupational Disease Act, wherein the appellee claimed to be the wife and sole surviving dependent of one Mose Slocum, deceased. From an award in favor of the appellee, the appellant has appealed.

To the said complaint of the appellee, the appellant filed a motion to require the appellee to show service of notice of disability upon the appellant, and also filed a motion to dismiss the complaint on the alleged ground of the running of the statute of limitations. Both motions were overruled, and the cause then being at issue upon the general denial was heard by a single member of the board who entered an award for the appellee for 300 weeks compensation at the rate of $16.50 per week. In due time, the appellant filed an application for review by the full board. Thereafter, the matter was heard by the full board, and an award entered substantially the same as that of the single member. It is from that award that this appeal has been prosecuted.

The errors assigned are as follows:

"(1) The award of the full Industrial Board of Indiana is contrary to law.

"(2) The Industrial Board of Indiana erred in overruling appellant's motion to require appellee to show service of notice.

"(3) The Industrial Board erred in overruling appellant's motion pleading the running of the statute of limitations."

We now quote from the finding and award of the full board, as follows:

"And the full Industrial Board, having heard the arguments of counsel and all of the evidence in the case, finds that one Mose Slocum, the decedent of plaintiff, was an employee in the employment of the defendant on March 5, 1940, and that he had been so employed for about nine years before that date at an average weekly wage of $42.98.

"And it is further found that on March 4, 1940, the said Mose Slocum was last exposed to an occupational disease while in the employment of the defendant and that as the result of said occupational disease he was totally disabled on March 5, 1940, and was so totally disabled until the time of his death on the 19th day of May, 1941.

"It is further found that the disease from which the plaintiff's decedent was suffering was tuberculosis and that it was an incident of occupational diseases, sustained while in the employment of the defendant. And it is further found that the defendant was notified of said disability and said occupational disease sustained by the plaintiff's decedent while in the employment of the defendant on March 18, 1940.

"It is further found that on May 27, 1940, the said Mose Slocum and the defendant entered into a compensation agreement, which was approved by the Industrial Board on June 3, 1940, by the terms of which the defendant agreed to pay the plaintiff compensation at the rate of $16.50 per week, based upon an average weekly wage of $42.98, and beginning March 12, 1940, and to continue during the period of his total disability, or until terminated by law.

"It is further found that said compensation agreement entered into recited among other things that the plaintiff's decedent was suffering from tuberculosis of the lungs and that he had other occupational diseases, and the defendant agreed to

pay compensation under the Occupational Disease Act of the State of Indiana.

"It is further found that the disease from which the decedent was suffering and which immediately caused his death, was tuberculosis and that it was an incident of other occupational diseases sustained by the decedent while in the employment of the defendant and that said tuberculosis was agreed to by the defendant as being an occupational disease in said agreement, and that said occupational disease was contracted in the employment of the defendant about March 4, 1940, and arose out of and in the course of his employment with the defendant.

"It is further found that the decedent left surviving him as his sole and only dependent his wife, Herman Slocum, who was living with him at the time of his disability and death and who was wholly dependent upon him for maintenance and support.

• • •

"It is further found that before the plaintiff filed her complaint No. 116 on September 15, 1941, there was a disagreement between the parties as to the payment of compensation by the defendant to the plaintiff.

"And now the full Industrial Board finds for the plaintiff on her complaint filed with the Industrial Board on November 10, 1941, and finds that the plaintiff's decedent, Mose Slocum, died on the 19th day of May, 1941, as the proximate result of an occupational disease, complicated with tuberculosis, and that said disease arose out of and in the course of his employment with the defendant."

The award followed the finding and was in accordance therewith.

Under Propositions, Points and Authorities, the appellant contends first that the appellee failed to bring herself within the provisions of the law in that she failed to give notice as required by the statute, and that, while she alleged in her complaint that notice was unnecessary because of the knowledge which the appel-

lant had of the disability of the decedent, that she failed to make proof of such fact.

It is next argued that the appellee did not bring herself within the provisions of the Indiana Workmen's Occupational Diseases Act because the death of the decedent "did not occur within one year of disablement."

The next proposition made by the appellant is that the appellee failed to show that she was the legal wife of the deceased at the time of his death.

The appellant next argues that the evidence fails to sustain the finding of the board that on March 4, 1940, the appellee's decedent was last exposed to an occupational disease while in the employ of the appellant, or that he was totally disabled as a result of such occupational disease from March 5, 1940, until his death on May 19, 1941.

The appellant next argues generally that the evidence is insufficient to sustain the finding of the board that the said decedent "died on the 19th day of May, 1941, as the proximate result of an occupational disease, complicated with tuberculosis and that said disease arose out of and in the course of his employment with the defendant."

As to the appellant's first proposition that the appellee failed to give notice to the appellant required by law, it should be noted that the appellant had full knowledge of the disability of the appellee's decedent and with that knowledge entered into an agreement with him for the payment of compensation, which agreement was approved by the Industrial Board and acted upon by the parties, the appellant having paid to the decedent the compensation provided for in said agreement. This agreement entered into between the appellant and the said decedent conclusively shows that the appellant had notice of the disability

of the said decedent. It was not necessary after the decedent's death for the appellee herein to give the appellant any further notice. The appellant certainly did have notice of the death of the decedent as is demonstrated by the evidence that it paid to the appellee herein $100.00 "to cover burial expenses in accordance with the Workmen's Compensation Act of Indiana." She cashed the check written for the above purpose and acknowledged receipt for said payment. We see nothing in the contention of the appellant that it did not have all of the notice required by the statute.

It is next argued by the appellant that the cause of action herein was not filed in time and that the statute of limitations had run against it. In this connection, it should be pointed out that the claim herein was filed within a few months after the death of the decedent and was certainly filed in time under the statute.

The appellant next argues that the evidence fails to sustain the finding of the board that on March 4, 1940, the appellee's decedent was last exposed to a disease while in the employ of the appellant or that he was totally disabled as the result of such occupational disease from March 5, 1940, until his death on May 19, 1941. We see nothing in this contention for the reason that the appellant itself admitted by its agreement with him which was used as the basis of the award of compensation to him that he was entitled to compensation.

It is next argued by the appellant that the appellee has failed to show that she is the widow of the said decedent, Mose Slocum. In this connection, the appellant points out that the appellee had been previously married to one Willy Thomas in 1919, at Crown Point, Indiana. It is the appellant's further contention that

when the appellee married the decedent on December 27, 1927, she had not yet been legally divorced from the said Thomas. The evidence shows that she did obtain a divorce from Willy Thomas at South Bend, Indiana, on November 9, 1927, which appears to have been conditional upon the payment of the costs which was not done until June 19, 1940. The evidence also discloses that on account of some doubts as to legality of her first marriage to the decedent, she was remarried to him by another ceremonial marriage on June 5, 1940. She lived with the said decedent continuously from her first marriage to him on December 27, 1927, to the date of his death on May 18, 1941. This would be strong evidence at least to support a common-law marriage on the basis of their living together as husband and wife after the said divorce decree became final by the payment of the costs in said case on June 19, 1940.

But, irrespective of any questions arising out of the divorce decree, there is another reason why the conclusion of the Industrial Board to the effect that the appellee is the legal widow of the decedent must be sustained. There was no evidence whatever introduced in the trial of the cause to show that Willy Thomas, her first husband, was alive at the time of the ceremonial marriages of the appellee to the decedent. On the contrary, the evidence is that he disappeared and all trace of him was lost after he went to Buffalo, New York, which was within two or three years after the date of the appellee's marriage to him in 1919. Under these circumstances, the presumption is that the ceremonial marriage of the appellee to the decedent was valid. This question has been before this court and the Supreme Court in numerous cases. We now quote from *Ross* v. *Red Cab Co.,* 105 Ind. App. 440, 444, 14 N. E. (2d) 333, as follows:

"Appellee, seeking to sustain the award, contends that the marriage of the appellant and the decedent Ross was void because of his prior marriage, but appellee failed to introduce any evidence to prove that the deceased had a wife living and undivorced when the ceremonial marriage between him and the appellant was consummated. In the absence of such proof the law presumes the validity of a ceremonial marriage. *Teter* v. *Teter* (1884), 101 Ind. 129; *Boulden* v. *McIntire* (1889), 119 Ind. 574, 21 N. E. 445; *Wenning* v. *Teeple* (1895), 144 Ind. 189, 41 N. E. 600; *Bruns* v. *Cope* (1914), 182 Ind. 289, 295, 105 N. E. 471; *Brokaw* v. *Brokaw* (1933), 97 Ind. App. 607, 609, 187 N. E. 691; *Dunn* v. *Starke County Trust and Savings Bank, Exr.* (1933), 98 Ind. App. 86, 184 N. E. 424.

"In the case of *Wenning* v. *Teeple, supra,* our Supreme Court, in discussing this subject-matter, said (p. 193) :

" 'It is settled law in this state that when a marriage has been consummated in accordance with the forms of law it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the *prima facie* legality of the last marriage. The presumption in such case is that the former marriage has been legally dissolved and the burden that it has not rests upon the party seeking to impeach the last marriage.'

"In the instant case no evidence was offered to prove that the former wife was still living, or that she had not herself procured a divorce prior to the marriage of appellant here involved. In the case of *Boulden* v. *McIntire, supra,* the court had before it for determination the validity of a marriage entered into by one who had been previously married, and after reviewing a number of decisions of this and other jurisdictions approved the former decision of the court in *Teter* v. *Teter, supra,* wherein the court had stated that the pre-

sumption in favor of matrimony is one of the strongest known to the law, and then continued as follows (p. 580):

" 'The presumption of the death of the former husband or wife, in the case of second marriage, is only one of the many presumptions the law indulges in favor of the validity of the second marriage. As the authorities cited abundantly establish, *every* presumption is to be indulged as against the illegality of such a marriage. If the law will presume the termination of the former marriage relation by the death of one of the parties to it, why not indulge any other presumption which might legally terminate that relation? We think, where the facts are not such as to destroy such a presumption, that a dissolution of the first marriage, by divorce, will be presumed in favor of the validity of the second marriage.'

"In addition the court approved the following statement as to the law from the case of *Klein* v. *Laudman* (1860), 29 Mo. 259, to wit (p. 580):

" ' "There was no presumption that a marriage which was proved to have existed at one time in Germany continued to exist here after positive proof of a second marriage *de facto* here. The presumption of law is, that the conduct of parties is in conformity to law, until the contrary is shown. That a fact, continues in its nature, will be presumed to continue after its existence is once shown, is a presumption which ought not to be allowed to overthrow another presumption of equal if not greater force, in favor of innocence. . . . There was not any evidence that the first husband of Mrs. Klein was still living, but if this had been established, we think she was still entitled to the benefit of the favorable presumption that the first marriage had been dissolved by a divorce." '

"Further on in the opinion it is said (p. 581):

" 'As we have seen from the authorities cited, the law required the party who asserts the illegality of the marriage to take the burden

of that issue and prove it, though it may involve the proving of a negative.' "

In the award of the full Industrial Board, the appellee was awarded compensation at the rate of $16.50 per week "beginning on the 19th day of May, 1941, during a period of her total disability."

By inadvertance, the board made a typographical error in the use of the word "disability" instead of "dependency" in the part of the award just quoted. The full Industrial Board is ordered to correct its award by changing the word "disability" to "dependency" and when so changed the award is affirmed.

NOTE.—Reported in 41 N. E. (2d) 635.