WRIGHT ET AL. *v*. MARION COUNTY PLAN
COMMISSION ET AL.

[No. 19,077.   Filed January 6, 1960.]

*E. William Irwin,* and *Murray, Mannon, Fairchild & Stewart,* of counsel, both of Indianapolis, for appellees.

*Armstrong, Gause, Hudson & Kightlinger,* and *Aribert L. Young,* of Indianapolis, for appellees.

*Robert S. Smith* and *French M. Elrod,* both of Indianapolis, for appellee, Marion County Plan Commission.

SMITH, J.—This appeal is predicated upon a petition filed by the appellants in the Marion Circuit Court for a writ of certiorari to review a recommendation made by the Marion County Plan Commission to the Board of County Commissioners of Marion County in which the Commission recommended the re-zoning of a certain tract of land located in Lawrence Township, Marion County, from an agricultural, or A-2 Use, to an R-T-3 classification for placement and construction of an eight-hundred-unit mobile trailer park; and to review the legislative action of the Board of County Commis-

sioners of Marion County in enacting an ordinance pursuant to such recommendation made by the Commission.

The appellant's petition for writ of certiorari alleged in substance that the action of the Marion County Plan Commission was illegal in that (a) not all of the owners of said tract of land to be re-zoned were made a party to the proceedings as petitioners, (b) that neither the petitioners for said re-zoning, nor the Marion County Plan Commission, properly notified all of the adjoining property owners of the filing of said petition for re-zoning and the scheduled hearing thereon, and (c) that the Marion County Plan Commission, in attempting to re-zone the permissive use of said tract of land, acted without authority in that the exclusive authority to grant a variance for use of a single tract of land was vested solely in the Marion County Board of Zoning Appeals and not in the Marion County Plan Commission.

The appellees, other than the Marion County Plan Commission and the Board of Commissioners of Marion County, filed a petition to dismiss appellants' petition for writ of certiorari, which motion was predicated upon the following:

1. That the trial court did not have jurisdiction over the persons of the appellees or jurisdiction over the subject matter of appellants' petition for writ of certiorari because the appellants did not, within thirty days after the recommendation made by the Marion County Plan Commission, present their petition for writ of certiorari to the Judge of the Marion Circuit Court nor did the Judge of the Marion Circuit Court direct the Marion County Plan Commission to show cause why a writ of certiorari should not issue. That appellants did not, within thirty days after the Board of

Commissioners of Marion County enacted into law the ordinance complained of, present their petition for writ of certiorari to the Judge of the Marion Circuit Court, and the Judge of the Marion Circuit Court did not direct the members of the Board of Commissioners of Marion County to show cause why a writ of certiorari should not issue.

2. The appellants' petition for writ of certiorari alleges that the recommendation of the Marion County Plan Commission to the Board of Commissioners of Marion County was illegal; however, the alleged grounds of illegality set forth in appellants' petition for a writ of certiorari are mere conclusions of the pleader, and said petition does not set forth any specific grounds of illegality as to any decision rendered by said Plan Commission.

3. That the trial court had no jurisdiction over the subject matter of appellants' petition for writ of certiorari *since the action of the Marion County Plan Commission was merely that of recommending the enactment of a re-zoning ordinance and does not seek a review by writ of certiorari of any decision of the Marion County Plan Commission.*

4. That the trial court had no jurisdiction over the subject matter of appellants' petition for writ of certiorari because the action of the Board of Commissioners of Marion County in enacting a re-zoning ordinance, is an exercise of its legislative authority to enact ordinances and is not subject to review by writ of certiorari.

Appellees' Motion to Dismiss was heard by the trial court and the court after considering said motion, hearing oral arguments of counsel and after having duly investigated said matter, found that the Court did not

have jurisdiction of appellants' petition for writ of certiorari.

The judgment of the Court reads as follows:

"Come now the parties by their respective counsel, and the defendants other than the Board of Commissioners of Marion County, Arthur Grayson, Robert R. Hamilton, Lester Durham, as members of the Board of Commissioners of the County of Marion, having moved the Court to dismiss the Petition for Writ of Certiorari filed by the Plaintiffs because the Court does not have jurisdiction of said action, and the Court after considering said Motions to Dismiss and hearing oral argument of counsel, having duly investigated said matter, finds that it is true that the Court does not have jurisdiction in this cause, and further finds that no legal notice was issued to the Defendants, Marion County Plan Commission, Fred H. Norris, as Secretary of Marion County Plan Commission, the Board of Commissioners of the County of Marion, Arthur Grayson, (Robert R. Hamilton), Lester Durham as members of the Board of Commissioners of Marion County, Indiana, by the service of a writ of certiorari, and that no writ was issued by the Circuit Court of Marion County or the Judge thereof as required by law.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that this action be dismissed at Plaintiffs' cost."

From this judgment the appellants have perfected this appeal.

The appellants have assigned as error (1) that the court erred as a matter of law in sustaining appellees' Motion to Dismiss appellants' petition for writ of certiorari, and (2) that the court erred in entering judgment sustaining appellees' Motion to Dismiss appellants' petition for writ of certiorari. The same question is raised by the two assignment of errors.

The Indiana statutes specifically provide when a re-

view by certiorari of a *decision* of a Plan Commission may be had. §53-755, Burns' Indiana Statutes, 1951 Repl., provides as follows:

> "*Review by certiorari—Procedure—Petition—No Change of Venue.*—A *decision* of the commission may be reviewed by certiorari procedure the same as that provided for the appeal of zoning cases from the decision of the board of zoning appeals. (Our emphasis.)

> "A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commissions' action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision.

> "A change of venue from the county in which the property is located shall not be had in any cause arising under the provisions of this section." (Acts 1947, ch. 174, §55, p. 571.)

The applicable sections of the procedure in zoning appeal cases referred to in §53-755 are §§53-783, 53-784 and 53-785, Burns' Indiana Statutes, 1951 Repl., which read as follows:

> "53-783. *Decision of Board of Zoning Appeals —Review by certiorari—Petition to county courts by aggrieved—Change of venue from county precluded.*—Every decision of the board of zoning appeals shall be subject to review by certiorari.

> "Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals may present to the circuit or superior court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty (30) days after the date of the decision and the order of the board of zoning appeals complained of.

"No change of venue from the county in which the premises affected is (are) located shall be had in any cause arising under the provisions of this section." (Acts 1947, ch. 174, §82, p. 571; 1951, ch. 291, §5, p. 935.)

"53-784. *Proceedings for certiorari—Notice to adverse parties—Defined—Service of writ of certiorari to constitute notice.*—On filing a petition for writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals.

"The adverse party or parties shall be any property-owner whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner containing more than three (3) names, the petitioner shall be required to cause notice to be issued and served upon the three (3) property-owners whose names first appear upon the remonstrance or document. Notice to the other parties named shall not be required.

"The notice shall state that a petition for a writ of certiorari has been filed in the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

"The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals shall constitute notice to the board and to the city or any official or board thereof charged with the enforcement of the zoning ordinance, and no further summons or notice with reference to the filing of such petition shall be necessary." (Acts 1947, ch. 174, §83, p. 571.)

"53-785. *Presentation of petition for writ of certiorari—Writ allowed on failure to show cause.*—Upon presentation of a petition for a writ of certiorari, the circuit or superior court of the county in which the premises affected are situated, or a judge thereof in vacation shall direct the board of zoning appeals within twenty (20) days from the date of such citation, to show cause why a writ of certiorari should not issue. If such board fails to show to the satisfaction of the court that a writ should not issue then the court may allow a writ of certiorari directed to the board of zoning appeals. The writ shall prescribe the time in which a return shall be made to it. This time shall not be less than ten (10) days from the date of issuance of the writ and may be extended by the court or judge thereof." (Acts 1947, ch. 174, §84, p. 571.)

It is apparent from the language used in §53-755, as quoted above, that a *decision* of the Plan Commission may be reviewed by certiorari procedure the same as that provided for the appeal of zoning cases from a decision of the Board of Zoning Appeals.

The main question in this appeal appears to be one of jurisdiction of the subject matter and involves an interpretation of the word "decision." In other words, did the Marion County Plan Commission in making its recommendation for re-zoning to the Board of Commissioners of Marion County make a "decision" as is contemplated by the provisions of §53-755? It is our opinion that where the Plan Commission *merely recommends* to the board of commissioners, it is not making a "decision" within the contemplation of §53-755 for the reason that the legislative decision of enacting or not enacting a re-zoning ordinance is made by the Board of Commissioners. The mere act of recommendation by the Plan Commission does not have the dignity of a "decision." From an examination of

the provisions of ch. 174 of the Acts of the Indiana General Assembly of 1947 (Burns' Indiana Statutes, §§55-728—55-755), it is apparent that a county plan commission has authority to make certain decisions, namely, a decision regarding the approval or disapproval of plats and to take certain other action relative thereto which would amount to a decision. As for example, a "decision" of a county plan commission pertaining to the approval of plats, wherein said commission has exclusive control, is the type of situation contemplated by the provisions of the statute; and such a decision is reviewable by the certiorari procedure provided for in §53-755.

The word "decision" is a comprehensive term having no fixed legal meaning. It has been said that the term "decision" necessarily involves a dispute, actual or potential, and the reaching of a conclusion; and it implies the power to say "Yes" or "No." See, "Decision"—C.J.S. Vol. 26, p. 41 and cases cited in the footnotes. On the other hand the term "recommendation" is generally defined as something one speaks in favor of or suggests favorably. In the case of *Brandon* v. *Board of Commissioners of Town of Montclair* (1940), 124 N. J. Law, 135, 11 A. 2d 304 the question under consideration was whether or not a recommendation made by the Board of Adjustment to Board of Commissioners of Town of Montclair that a building permit be issued to the applicant "for a group of garden-type apartments," was to be considered as a "decision" of the Board of Adjustment within the meaning of the zoning law. In settling this question the court speaks as follows:

"It [zoning statute] decrees that the writ of certiorari shall not issue 'to review any decision of the board of adjustment . . . unless application therefor be made within thirty days after the filing

of the decision in the office of the board.' The action taken by the Board of Adjustment here was not a 'decision' within the intendment of this provision; it was a mere 'recommendation,' inoperative unless approved by the municipal governing body." . . .

After concluding that the "recommendation" made by the Marion County Plan Commission was not a "decision" of the Marion County Plan Commission within the contemplation of §53-755 of the zoning statute, it necessarily follows that there is no statutory authority for a review by certiorari procedure of such "recommendation." It is our opinion that the Circuit Court of Marion County did not have jurisdiction of the subject matter involved in this action, and, therefore, the court committed no error in sustaining appellees' motion to dismiss the petition for a writ of certiorari.

Other issues were raised by the appellants in their petition for a writ of certiorari, however, the same were not presented by the appellants in their brief and, therefore, were not presented to this Court for its consideration.

Judgment affirmed.

Kelley, Bierly and Gonas, JJ., concurring.

NOTE.—Reported in 163 N. E. 2d 259.