CLARK ET AL. *v*. THE TOWN OF GRIFFITH ET AL.

[No. 19,415. Filed August 17, 1961.]

*Eugene D. Tyler,* of Hammond, for appellant.

*M. Elliot Belshaw, James Kenner Whitaker* and *Bomberger, Wilson, Crites & Belshaw,* of counsel, of Hammond, for appellees Christenson as Trustees under a Trust, and Central Fiber Products Company.

*John F. Hilbrich* and *Smith & Hilbrich,* of counsel, of Highland, for appellees, Town of Griffith, and Board of Trustees and Plan Commission of Town of Griffith.

AX, J.—This is an action to set aside an amendment to the Zoning Ordinance of the Town of Griffith in Lake County, Indiana.

A petition was filed by appellees Christenson and Central Fiber Products Company with the Griffith Board of Trustees and the Griffith Plan Commission, requesting that said Plan Commission rezone a portion of a two block triangle of property from "B" Residence District to "Industrial" District. The owners of a majority of the property in the said area filed a petition of remonstrance to said rezoning. A preliminary hearing was held by the Plan Commission and was continued until a later date, at which time a public hearing was held on the petition and the Plan Commission voted to "pass the rezoning of the property back to the Griffith Town Board *without recommendation.*" (Our emphasis.)

A public hearing was held in said petition before the Griffith Board of Trustees and was continued to a later date, at which time Ordinance No. 821 was introduced and passed, rezoning said portion of the "B" Residence District to "Industrial" and leaving the remainder of said district in "B" Residence.

Upon this action appellants filed a petition for Writ of Certiorari in the Lake Circuit Court pursuant to Burns' 53-755 (1951 Replacement) alleging that the decision of the Plan Commission (as finalized by the Town Board) was illegal. The applicable portion of Burns' 53-755 is as follows: "A decision of the Commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals."

Appellees Christenson and Central Fiber Products Company and appellee, the Town of Griffith, filed separate demurrers and motions to dismiss, which in substance alleged that the court had no jurisdiction over

either the person of the defendants or subject matter of the action, and that the petition did not state facts sufficient to constitute a cause of action. The reason argued in the memorandums and briefs filed before the trial court was that a Writ of Certiorari is only used to review the record and proceedings of an inferior court, or some other tribunal or offices exercising a judicial function, and is not available to review a legislative act.

The court, after hearing arguments on the points raised, sustained appellees' demurrers and motions to dismiss. This is an appeal from that decision.

Errors assigned are that:

    (1)  the Court erred in sustaining appellees' demurrer to appellants' complaint and motion to dismiss.

    (2)  the Court erred in sustaining appellees' demurrer to appellants' complaint and motion to dismiss, and in entering judgment upon appellants' refusal to plead further.

The only question presented by appellants is whether the Circuit Court has the power to review the action of the Plan Commission and Board of Trustees of the Town of Griffith in adopting an amendment to the master zoning ordinance through the procedure of a petition for a Writ of Certiorari.

Shortly after appellants filed their original brief this Court handed down the opinion of *Wright* v. *Marion County Plan Commission* (1960), 130 Ind. App. 203, 163 N. E. 2d 259. In that opinion this Court dealt with substantially the same problem as confronts us here, and the decision appears to be contrary to the position taken by appellants. This Court held that a recommendation by the Marion County Plan Commission to the Board of County Commissioners of

Marion County with respect to rezoning certain land was not a "decision" within the meaning of §53-755 (Burns' 1951 Replacement).

Appellants in the instant case in their reply brief make no attempt to distinguish the present case from the *Wright* case, *supra,* but rather concede that the two cases are similar. The only attempt at attack is that the *Wright* case is contrary to *State ex rel. Marion County Plan Commission* v. *Marion Superior Court et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516, and *Hirschman et al.* v. *Marion County Plan Commission et al.* (1958), 128 Ind. App. 520, 146 N. E. 2d 277, and therefore should be overruled. However, since the filing of appellants' reply brief this Court has handed down two additional opinions on this very similar point. See *McGraw et al.* v. *Marion County Plan Comm.* (1961), 131 Ind. App. 686, 174 N. E. 2d 757; *Droege et al.* v. *St. Joseph Co. Plan Comm.* (1961), 132 Ind. App. 71, 175 N. E. 2d 432.

In the *Wright* case this Court pointed out the distinction of the word "decision" as it is used legislatively, administratively and judicially. In the *McGraw* case the function of a Plan Commission and its powers and duties were determined with respect to §53-755. It was there pointed out that any action taken by a Plan Commission with respect to zoning or rezoning or amendments thereto are merely tentative and preliminary. "Final action" must be taken by the County Commissioners. The duties of the Plan Commission are "to consider and report," and "to make recommendations." The *Droege* case clearly supports this view.

Appellants' only suggestion of support to their position that the *Wright* case be overruled has been answered in the opinions that have been handed down subsequent thereto.

We have reexamined *State ex rel. Marion County Plan Commission* v. *Marion Superior Court et al., supra,* cited to us by appellants, and we are unable to find wherein that opinion is contra to the recent holdings of the court. The Indiana Supreme Court was not concerned with the problem of defining the word "decision" as used in §53-755 (Burns' 1951 Replacement), but instead limited its opinion to whether the Marion County Superior Court No. 5 had jurisdiction over the subject matter of the suit. It held that it did not. Upon reexamining the opinion in the *Hirschman* case, *supra,* we find that the situation presented there is also distinguishable. There the demurrer of appellees was limited to the sole ground that the court had no jurisdiction of the subject matter of the controversy. The petition filed by appellants in that case was not only for a Writ of Certiorari but also appellants were asking for injunctive relief. In resolving the question of whether or not the lower court had jurisdiction of the subject matter in the Hirschman case, this Court, in light of the fact that the Marion Circuit Court was a court of general jurisdiction and its jurisdiction extends to equitable proceedings, was compelled to reverse the trial court's decision. See also *State ex rel. Saylor Develop. Co.* v. *Circuit Court* (1960), 240 Ind. 648, 167 N. E. 2d 470. Such is not the case here at bar, nor was that the case in the three recent opinions of this Court on this point. In fact, in this case at bar, the Plan Commission made no recommendation at all. The rezoning of the land was done by the Town Board. If a recommendation on rezoning by a Plan Commission is not reviewable by certiorari then it is elementary that the same rule would apply when there is no recommendation.

Appellants take the position that the petition for Writ of Certiorari was to review the decision of the Plan Commission as "finalized" by the Town Board.

As pointed out in the *Wright* case, the action of the Plan Commission, as finalized by the ordinance adopted by the Board of Commissioners, was not a "decision" within the meaning as set out in §53-755 (Burns' 1951 Replacement), and therefore, not subject to review by a petition for Writ of Certiorari.

A *recommendation* to rezone certain land by a plan commission to a *legislative* body, be it a city council, board of county commissioners, or board of town trustees acting as legislative bodies pursuant to special statutory authority, does not constitute a decision reviewable by writ of certiorari.

It is not denied that certain "decisions" made by these various bodies are reviewable by certiorari proceedings. Such actions as

". . . a decision regarding the approval or disapproval of plats and to take certain other action relative thereto which would amount to a decision. As for example, a "decision" of a county plan commission pertaining to the approval of plats, wherein said commission has exclusive control, is the type of situation contemplated by the provisions of the statute; and such a decision is reviewable by the certiorari procedure provided for in §53-755." *Wright, supra.* P. 263.

The present case, however, does not come within such classification.

Judgment affirmed.

Cooper, Myers, JJ., Ryan P. J., concur.

NOTE.—Reported in 176 N. E. 2d 481.