TEPE ET AL. *v.* GREUBEL ET AL.

[No. 767A26. Filed June 5, 1968. No Petition for Rehearing filed.]

*Edwin W. Johnson, John L. Carroll* and *Charles C. Griffith,* of Evansville, for appellant.

*Lensing & Lensing, Ralph E. Moore, J. William Davidson* and *Isadore Newman,* all of Evansville, for appellees.

PRIME, J.—On July 11, 1966, the Evansville-Vanderburgh Metropolitan Plan Commission granted the application of Austin and Mildred Greubel, for a special use permitting a trailer court in an area zoned as agricultural.

On the 9th day of August, 1966, the Appellants herein, who protested the action of the Plan Commission, filed their petition for a writ of certiorari in the Vanderburgh Circuit Court for a judicial review of the proceedings. Thereafter, the Appellees jointly filed their motion to dismiss the petition for writ of certiorari. The motion to dismiss the petition alleged:

"1. No Notice of Intention to apply for a Writ of Certiorari was given pursuant to Burns' Indiana Statutes, Section 53-784.

2. The 'Citation—To Show Cause' why the Writ should not be issued is not a 'Notice.'

3. No proper 'Order to show cause why a Writ of Certiorari should not issue' was issued and served. See Burns' Indiana Statutes, Sections 53-784 and 53-785.

4. The Citation, Notice, or Summons did not contain the following:
    [a] A designation of the cause in which error allegedly occurred, nor the date of the decision;
    [b] A description of the premises;
    [c] That a petition for the writ had been filed;
    [d] A statement of the errors complained of;
    [e] Nor state the time fixed for the return of the writ by the Board or Commission."

The trial court decided the issue by sustaining paragraph one of the above motion. The judgment entry was as follows:

"Comes now the parties by Counsel, and the Court having had under advisement the ruling upon the defendants, Austin Greubel and Mildred Greubel and The Evansville-Vanderburgh Metropolitan Plan Commission, Motion filed October 21, 1966, to Dismiss the Petition for Certiorari, the Court now finds for the defendants on Paragraph I of their motion to dismiss and that Paragraph I of the Motion to Dismiss be sustained; and now the plaintiffs ask leave to cause an alias notice to be issued and served by the Sheriff of the County upon the adverse parties in accordance with Indiana Acts of 1947, Chapter 174, § 83 Burns' Ind. Anno. Statutes § 53-784, *et seq*, which request is by the Court denied.

And now judgment is rendered for the defendants that the plaintiffs take nothing by their petition and that the plaintiffs pay the costs of this action.

/s/ WILLIAM H. MILLER, Judge
William H. Miller, Judge"

For a complete understanding of the question of notice we here set out Burns' Indiana Statutes, Sec. 53-784.

"On filing a petition for a writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals.

The adverse party or parties shall be any property owner whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner containing more than three [3] names, the petitioner shall be required to cause notice to be issued and served upon the three [3] property owners whose names first appear upon the remonstrance or document. Notice to the other parties named shall not be required.

The notice shall state that a petition for a writ of certiorari has been filed in the circuit or superior court of

the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals shall constitute notice to the board and to the city or any official or board thereof charged with the enforcement of the zoning ordinance, and no further summons or notice with reference to the filing of such petition shall be necessary." Acts 1947, Ch. 174, §83, p. 571.

The Appellants appeal from the ruling of the trial court and assign as error the sustaining of Paragraph I of Appellee's Motion to Dismiss the Petition for Certiorari.

The record shows that the following documents were served by the Appellants on all the Appellees:

1. The petition for certiorari
2. A summons addressed to the Appellees.
3. A citation to show cause why a writ of certiorari should not issue as prayed for.

The Appellants urge that the above three documents are sufficient to meet the requirements of the Statute § 53-784 pertaining to notice. The Appellees urge that these are not sufficient and that a special notice must be served. This is the issue before this court.

We believe the appellants should prevail. In our opinion the three documents meet the test of the statute.

The summons contained *notice.*
The petition contained the *description.*
The petition contained the *date.*
The citation to show cause set out the *time.*

All the elements were met by the service of the three documents. We cannot say that notice was not given and we will

not say that a separate notice must be served. This case appears to be one of first impression on the particular point in controversy but we call attention to the following on the question of *notice*.

"Relator argues that the paper presented to her did not amount to notice that her teaching contract would not be renewed for the succeeding year. It will be observed that it was entitled, 'Teacher Contract Expires'. This could mean only one thing, viz., that it would not be deemed to continue in force for the succeeding year. It was stated in the body of the paper presented to her that relator's services 'will terminate on May 28, 1947'. It is true that the statute requires that notice be given that the teacher's contract will not be renewed for the succeeding year, but it is not necessary that notice be in the exact language of the statute. It was not necessary to use the words, 'Contract will not be renewed'. *Any language which would be understood to mean that it was the intention of the township trustee not to employ the teacher for the succeeding year would be sufficient.*

The language used in the notice presented to relator clearly and unmistakably indicated the purpose of the trustee not to renew relator's contract for the succeeding year. It is susceptible of no different meaning, and we hold it was sufficient to make known to relator that her teaching contract would not be renewed, and that she is not entitled to reinstatement." (Our emphasis). *State ex rel. Sights v. Edwards* (1949), 228 Ind. 13-19, 88 N. E. 2d 763.

"Appellant contends that the first letter concerned the claim of the decedent and that the widow should have given notice specifying that the deceased died as a result of an occupational disease contracted while in appellant's employ. We see no merit in this contention. The employer had written notice during the lifetime of the decedent that he claimed to be suffering from an occupational disease contracted during his employment. After his death the employer had written notice of his death and was invited to attend the autopsy.

The statute requires that notice 'shall be signed by the disabled employee, or by some one in his behalf, or by one or more of the dependents, in case of death, or by some person in their behalf'. Where the employee has given notice of his disablement during his lifetime there has been full compliance and no further notice of his disable-

ment by a dependent is required by this section." *Harbison-Walker Refractories Co. v. Harmon* (1943), 114 Ind. App. 144-148, 51 N. E. 2d 398.

"As to the appellant's first proposition that the appellee failed to give notice to the appellant required by law, it should be noted that the appellant had full knowledge of the disability of the appellee's decedent and with that knowledge entered into an agreement with him for a payment of compensation, which agreement was approved by the Industrial Board and acted upon by the parties, the appellant having paid to the decedent the compensation provided for in said agreement. This agreement entered into between the appellant and the said decedent conclusively shows that the appellant had notice of the disability of the said decedent. It was not necessary after the decedent's death for the appellee herein to give the appellant any further notice. *We see nothing in the contention of the appellant that it did not have all of the notice required by the statute.*" (Our emphasis.) *Continental Roll & Steel Foundry Co. v. Slocum* (1941), 111 Ind. App. 438, 443-4, 41 N. E. 2d 635.

We prefer to look to the substance and not the form in an issue such as we have here. We conclude that substantial compliance with the statute has obtained and we reverse the judgment of the trial court.

Judgment reversed.

Carson, C.J., and Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 237 N.E. 2d 265.