WILLIAM CHUSTAK ET AL. *v.* PORTER COUNTY PLAN COMMISSION ET AL.

[No. 372A149. Filed June 29, 1972.]

*Ronald P. Nelson,* of Valparaiso, for appellant.

*Blachly, Tabor & Bozik, Quentin A. Blachly, Duane W. Hartman, Glen J. Tabor,* of Valparaiso, for appellee.

SHARP, J.—On the 14th day of July, 1971, the Porter County Plan Commission considered and finally approved a platted subdivision submitted to it by Suburban Homes Corporation, one of the Appellees here, on certain real estate situated in Porter County, Indiana. On August 17, 1971, the Appellants-Petitioners filed a verified petition for a writ of certiorari in the Porter Circuit Court challenging the approval of said plat. Subsequently, the Appellee, Suburban Homes Corporation, filed a motion to dismiss said verified petition for certiorari asserting that the trial court lacked jurisdiction over the subject matter because said verified petition for a writ of certiorari was not filed within thirty days as required by Acts 1947, ch. 174, § 55, as found in IC 1971, 18-7-5-57, Ind. Ann. Stat. § 53-755 (Burns 1964). The trial court sustained the motion to dismiss and this ruling was challenged in the motion to correct errors in the trial court, which was overruled and is the sole basis of this appeal.

The pertinent language of § 53-755 is as follows:

"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals.
A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission action. Such petition must be filed in the Circuit Court of the County in which the land is located within 30 days after the date of such decision."

The Appellants are seeking review of the decision of the Plan Commission. The law is clear that the petitioner must strictly conform to the provisions of the relevant statute.

In *State ex rel. Griffin* v. *Marion Superior Court* (1965), 247 Ind. 82, 211 N. E. 2d 613, 614, our Supreme Court stated:

"We have held that where the procedure is defined by special statute, the remedy and the procedure must conform strictly to the statute. The statute conferring jurisdiction must be followed if a party desires to bring himself within the benefits of the statute."

See also *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646.

We believe that the question of whether or not the action of the Plan Commission here is a "decision" within the meaning of § 53-755 has been decided by this court in *Wright* v. *Marion County Plan Commission* (1960), 130 Ind. App. 203, 163 N. E. 2d 259, 262, in which this court stated:

> "It is our opinion that where the Plan Commission *merely recommends* to the board of commissioners, it is not making a 'decision' within the contemplation of § 53-755 for the reason that the legislation decision of enacting or not enacting a re-zoning ordinance is made by the Board of Commissioners. The mere act of recommendation by the Plan Commission does not have the dignity of a 'decision.' From an examination of the provisions of Ch. 174 of the Acts of the Indiana General Assembly of 1947 (Burns' Indiana Statutes, §§ 53-728—53-755), it is apparent that a county plan commission has authority to make certain decisions, namely, a decision regarding the approval or disapproval of plats and to take certain other action relative thereto which would amount to a decision. As for example, a 'decision' of a county plan commission pertaining to the approval of plats, wherein said commission has exclusive control, is the type of situation contemplated by the provisions of the statute; and such a decision is reviewable by the certiorari procedure provided for in § 53-755."

A like result was achieved in *Clark* v. *Town of Griffith* (1961), 132 Ind. App. 71, 176 N. E. 2d 481. The *Wright* and *Clark* cases are determinative of the precise issue that was raised here.

The Appellants rely on *Metropolitan Plan Commission* v. *State ex rel. Meyer* (1964), 243 Ind. 46, 182 N. E. 2d 786, for the proposition that a decision of the Plan Commission is not the final decision that may be reviewed by a writ of certiorari pursuant to § 53-755. It is true that *Meyer, supra,* stated that the two steps necessary to establish a subdivision were approval of plat by the appropriate body and then the recording of the plat pursuant to IC 1971, 17-3-43-2, Ind. Ann. Stat. § 49-3242 (Burns 1964). However, § 53-755 is

very explicit and makes no mention of approval by the Board of County Commissioners or recordation. It simply states that the petition for certiorari must be filed within 30 days from the date of the decision of the Plan Commission. Nowhere in IC 1971, 18-7-5-1 *et seq.*, Ind. Ann. Stat. § 53-701 *et seq.* (Burns 1964) is there found the requirement that the Board of County Commissioners must approve a decision of the Plan Commission concerning a subdivision plat. Assuming, but not deciding, that such approval would be necessary for recordation pursuant to § 49-3242, the Board of County Commissioners would have absolutely no discretion in the matter since IC 1971, 18-7-5-54, Ind. Ann. Stat. § 53-752 (Burns 1964) give the Plan Commission exclusive control over approval of plats.

If we were to decide this case as Appellants urge we would ultimately be creating a situation that would be detrimental to remonstrators seeking judicial review of decision concerning plat approvals. We would be forced to hold that there is no final decision until the plat is recorded and therefore there can be no petition for certiorari until such recordation. This would give the land owner wanting the subdivision exclusive control as to when the time for the petition for certiorari would begin. There is no notice required to be given when the plat is finally recorded nor is there a specific time requirement in which a plat approval must be recorded.

In *Metropolitan Plan Commission* v. *State ex rel. Meyer, supra*, the petitioners for the plat approval waited almost four years from the date of approval to the date of recordation and were thwarted in their attempt only because of the establishment of the Metropolitan Plan Commission prior to recordation.

We decline here to place a construction on the above statutes that would permit the owner of an approved subdivision plat to prevent remonstrators from obtaining judicial review in the form of certiorari by the simple expedient of not recording the plat until some

later date when no notice of such recordation could be effectively given. We, therefore, hold that the act of the Plan Commission in approving the plat here was a "decision" contemplated by the statute even though it was not the final act necessary to establish the subdivision.

The action of the trial court in sustaining the motion to dismiss should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 284 N. E. 2d 549.