CITY PLAN COMMISSION OF THE CITY OF HAMMOND, LAKE COUNTY, INDIANA *v.* ARTHUR PIELET AND PHILIP PIELET.

[No. 3-574A74. Filed December 22, 1975.]

*David E. Mears,* City Attorney, of Hammond, *Joseph P. Allegretti, Abrahamson, Reed & Tanasijevich,* of Hammond, for appellant.

*Charles Levin,* of Hammond, for appellee, *John F. Beckman,* of Hammond, for adverse party, Spang and Company.

STATON, P.J.—The Pielet brothers filed an application with the City Council of Hammond, Indiana for a conditional use permit. The permit would allow the construction of a mobile home park on property zoned for heavy industrial use.[1] The

---

1. Article IV of Hammond City Ordinance #2928 provides in part as follows:

"Section 1. Permits for Conditional Uses.

a. The following uses, or structural alterations thereto, which are classified as Conditional Uses, may be permitted in accordance with

City Council referred the application to the City Plan Commission. Later, on August 21, 1972, the Plan Commission recommended that the City Council deny the application. On September 5, 1972, before any action was taken on the recommendation, the Pielet brothers filed a petition for writ of certiorari in the Lake Circuit Court.[2] The writ was issued. However, the City[3] moved to dismiss the petition, and the trial court took the motion to dismiss under advisement and stayed the writ. On November 22, 1972, the Pielet brothers filed a supplemental petition for writ of certiorari, for a review of the City Council's concurrence in the rejection of the Pielets' application.[4] The City renewed its motion to dismiss, which the court overruled. The writ of certiorari was finally issued on November 30, 1972. Trial was held on

the procedure specified in Subsection b. herein: * * * Trailer or Public Camp

b. Upon receipt of an application for a Conditional Use by the Common Council, it shall be referred to the City Plan Commission for investigation as to the manner in which the proposed location and character of the Conditional Use will affect the Master Plan of the City. The City Plan Commission shall report the results of its study of the proposal to the Common Council which may, after public notice and hearing according to law, grant the permit, including the imposition of conditions of use, which the Common Council deems essential to insure that the Conditional Use is consistent with the spirit, purpose and intent of this ordinance, will not substantially and permanently injure the appropriate use of neighboring property, and will substantially serve the public convenience and welfare. Any action of the Common Council in connection with a Conditional Use which is contrary to the recommendation of the City Plan Commission shall require a supporting vote of at least seventy-five per cent (75%) for the members of the Common Council."

2. The writ challenged the action of the Plan Commission and the City Council in "denying approval" of the conditional use. However, on September 5, 1972, the City Council had taken no action to approve or reject the application.

3. For the purposes of this opinion, the City refers to the City Plan Commission and the City Council of the City of Hammond, Indiana. Spang and Company was a remonstrator opposing the conditional use permit and was designated an adverse party. Spang joined in the City's motions to dismiss, and also filed motions on its own behalf, which are not relevant to this opinion.

4. The City Council failed to approve the conditional use by affirmative vote within ninety days of the Plan Commission's recommendation to deny approval. Pursuant to IC 1971, 18-7-5-67 (Burns Code Ed.), this constituted rejection of the application.

June 19, 1973, and on July 23, 1973, the court entered judgment in favor of the Pielet brothers:

"IT IS, THEREFORE, ORDERED ADJUDGED AND DE-CREED by the Court as follows:

1. Sections 1a and 1b of Article IV of Ordinance #2928 of the City of Hammond is unconstitutional and invalid.

2. The petitioners are hereby given the right to build and construct a mobile home park on the land described in the petition and in the application.

3. If required, the Building Commissioner of the City of Hammond is directed to issue to the petitioners a building permit for the construction of a mobile home park.

4. The court will grant relief as may be necessary to implement this decision."

The City Plan Commission and the City Council of the City of Hammond appeal from this decision. Their appeal raises the following issues[5] for our consideration:

1. Was the recommendation of the City Plan Commission subject to review by certiorari proceedings?

2. Was the decision of the City Council subject to review by certiorari proceedings?

3. Was the court empowered to rule on the constitutionality of the ordinance?

We reverse.

The City contends that the Lake Circuit Court had no jurisdiction or authority to grant the petition and the supplemental petition for writ of certiorari. We agree. In ██ *State ex rel. Marion County Plan Comm'n* v. *Superior Court of Marion County* (1956), 235 Ind. 607, 609, 135 N.E.2d 516, 517, the Court stated:

"The Zoning Act of 1947 creates new rights wholly unknown to the common law. The remedies therein prescribed are exclusive. In such case, the requirements of the statute as to the court where the remedy is to be had, and the time and manner of asserting the rights, are mandatory and jurisdictional."

5. Because of our decision on these issues, we need not consider any other issues raised on appeal.

There is no statutory provision for review by certiorari of action taken by the City Council in amending or refusing to amend a zoning ordinance. *See First Church of the Nazarene v. Weaver* (1972), 154 Ind. App. 157, 289 N.E.2d 155. Thus, the Circuit Court had no jurisdiction to review by certiorari the City Council's rejection of the Pielet brothers' application for a conditional use permit.

A "decision" of a Plan Commission is reviewable by certiorari proceedings, but a "recommendation" is not. In IC 1971, 18-7-5-57 (Burns Code Ed.), it is provided that:

"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals."

In the instant case, the Plan Commission was empowered only to study the effect of the conditional use on the Master Plan of the City and to report the results of its study to the City Council. Only the City Council could take final action with regard to permitting the conditional use. See Article IV of Hammond City Ordinance 2928, reprinted at note 1 *supra;* IC 1971, 18-7-5-67 (Burns Code Ed.). The action taken by the Plan Commission was a recommendation of an advisory nature only. It has been held:

"A *recommendation* to rezone certain land by a plan commission to a *legislative* body, be it a city council, board of county commissioners, or board of town trustees acting as legislative bodies pursuant to special statutory authority, does not constitute a decision reviewable by writ of certiorari." *Clark v. Town of Griffith* (1961), 132 Ind. App. 208, 213, 176 N.E.2d 481, 483 (emphasis in original).[6]

6. The Pielet brothers claim that the more recent case of *Tepe v. Greubel* (1968), 143 Ind. App. 7, 237 N.E.2d 265, allows an appeal from the action of a plan commission when recommending or granting an application for a special use. We do not agree. In *Tepe*, the Court was concerned only with the notice requirements upon filing a petition for writ of certiorari. Further, in *Tepe*, a Metropolitan Plan Commission granted an application for a special use. The Plan Commission was acting in its capacity as a Board of Zoning Appeals. *See* IC 1971, 18-7-3-11 (Burns Code Ed.). The petition for writ of certiorari was filed to review

*See also McGraw* v. *Marion County Plan Comm'n* (1961), 131 Ind. App. 686, 174 N.E.2d 757; *Droege* v. *St. Joseph County Plan Comm'n* (1961), 132 Ind. App. 71, 175 N.E.2d 432; *Wright* v. *Marion County Plan Comm'n* (1960), 130 Ind. App. 203, 163 N.E.2d 259. Thus, the recommendation of the Plan Commission to the City Council was not a "decision" subject to review by certiorari.

The trial court had no jurisdiction to issue the writ of certiorari and had no jurisdiction to enter an order declaring the ordinance unconstitutional.[7]

The judgment of the trial court is reversed with instructions to sustain the motions to dismiss and enter judgment for the defendant-appellants.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 648.

the decision of the Board of Zoning Appeals to grant a special use or variance of the zoning ordinance.

In *Wright* v. *Marion County Plan Comm'n* (1960), 130 Ind. App. 203, 211, 163 N.E.2d 259, 262, the Court noted:

"[I]t is apparent that a county plan commission has authority to make certain decisions, namely, a decision regarding the approval or disapproval of plats and to take certain other action relative thereto which would amount to a decision. As for example, a 'decision' of a county plan commission pertaining to the approval of plats, wherein said commission has exclusive control, is the type of situation contemplated by the provisions of the statute; and such a decision is reviewable by the certiorari procedure provided for in [section 18-7-5-57]." *See also Chustak* v. *Porter County Plan Comm'n* (1972), 152 Ind. App. 618, 284 N.E.2d 549.

7. On January 24, 1973, the Pielet brothers filed an "amended complaint" alleging that Article IV of Ordinance 2928 was unconstitutional and void. The City's objection to the filing of this complaint was sustained, and the amended complaint was dismissed. The issue of the constitutionality of the ordinance was not properly before the court.