Potts v. Bennett et al.

No. 17,151.

## POTTS v. BENNETT ET AL.

COUNTY COMMISSIONERS.—*Authority of to Insure County Property.*—If in the judgment and discretion of the county commissioners, it is necessary to insure county property, in order to properly care for and preserve such property, then the statute confers the power on them to effectuate such insurance.

SAME.—*Act of Insurance an Administrative One.*—*No Appeal from Order Allowing Premium.*—The act of the board in effecting such insurance is a ministerial or administrative one, and not judicial, and an order allowing premiums therefor is merely incidental to the act of insurance, and no appeal lies therefrom. The allowance for premiums being incidental to, or a part of, the insurance transactions, it partakes of the same character and can not be separated from it.

From the Vanderburg Superior Court.

*C. L. Wedding, W. H. Gudgel* and *S. R. Hornbrook,* for appellant.

*W. W. Ireland, J. S. Buchanan, A. Gilchrist* and *G. A DeBruler,* for appellees.

McCABE, C. J.—The board of commissioners of Vanderburg county, at their September term for 1893, entered an order "that the court house, * * furniture and fixtures therein and the boiler house, be insured for the sum of * * $352,000 for the term of five years, and that such insurance be placed in the insurance companies represented by Thomas Kerth & Son, A. M. Weil & Bro., and Bennett & Odell. * * It was ordered that the following named persons be allowed the sums set opposite their names, respectively for the accounts stated, the same to be payable one-half in three months and one-half in six months, with interest at the rate of 6 per cent. per annum, viz.: Bennett & Odell * * $3,210.88 for premium on $161,000 insurance for five years on court house, jail, and boiler house, and contents; A. M. Weil

& Bro. * * $3,210.91 for premium on $161,000 for five years on court house, jail, and boiler house, and contents; Thomas Kerth & Son * * $598.30 for premium on $30,000 insurance for five years on court house, jail, and boiler house, and contents.''

Thereupon the appellant filed an affidavit before the board showing that he was a heavy taxpayer of said county, and a resident citizen thereof, ''and is aggrieved by said decisions and allowances, and is interested therein as such taxpayer * * and for the further reason that said court (house) and jail are made and built almost solidly of stone and iron, and that they are fireproof, and that it would be difficult, if not impossible, to burn or materially injure them by fire; that the county treasury is practically empty, and there is no money therein to pay said allowances; that unusual stringency in money matters exists; that said alleged insurance is useless, said allowance extravagant, wasteful, and wholly unnecessary, and throwing away the public money at a time when taxation is unusually high and burdensome, and the county treasury depleted and empty; that said contracts, decisions, and allowances were made without any notice by publication, or otherwise, without competition, though there are a dozen or so good, reputable insurance agencies in the city of Evansville, none of whom, as he is informed and believes, had any notice of said contracts, decisions or allowances, or chance to compete for said insurance. Wherefore, he prays an appeal,'' etc. He also filed an appeal-bond to the approval of the auditor, who certified the proceedings to the superior court of said county, to which the appeal was prayed as appellant claims under sections 7856, 7858, and 7859, Burns R. S. 1894 (R. S. 1881, sections 5769, 5771 and 5772.)

Upon the motion of the appellees, the superior court

dismissed the appeal to that court, and from that decision appellant appeals to this court. By the appeal, and the grounds thereof as set forth in the affidavit showing appellant's interest and grievance, it is proposed to get rid of the whole allowance as it is called, and for that reason the insurance agents, to whom the allowances were made, are made appellees in the superior court, and also in this court. There is, therefore, more than $3,500 in controversy by the appeal. The jurisdiction is, therefore, in this court, if it would otherwise, in any event, be in the Appellate Court. The action of the superior court in dismissing the appeal is assigned as the only error.

It is contended by the appellant "that the only reasonable construction of sections 5769 and 5771, R. S. 1881 (Burns R. S. 1894, sections 7856 and 7858) is, that an appeal lies in all cases and in the case presented here. It makes no difference [counsel say] how the claim arises, whether from a shameless proceeding such as the one disclosed by the record here, or one arising out of the most meritorious contract. It must take its course [they say] as provided by the sections cited."

It has become thoroughly settled in this court, that the board of commissioners are clothed by statute with administrative or ministerial powers and also with judicial powers.

When they exercise administrative or ministerial functions they do not act as a court, but in their capacity as a corporation. When they exercise judicial functions, then they act as a court. It is only when they act as a court and exercise judicial functions that an appeal lies from their decisions. *Platter* v. *Board, etc.*, 103 Ind. 360; *O'Boyle* v. *Shannon*, 80 Ind. 159; *Bunnel* v. *Board, etc.*, 124 Ind. 1.

It is contended by the appellant that by section 7858

(5771), *supra*, it is provided that "From all decisions for allowances other than those provided for in the preceding section [which are for allowances for voluntary services or things voluntarily furnished for the public use], an appeal may be taken * * to the circuit court," etc., and that in this case there was an allowance, not for services voluntarily rendered nor for things voluntarily furnished for the public use, and hence, by the terms of the statute, an appeal is expressly authorized. Ordinarily an allowance or disallowance of a claim against a county involves judicial action from which an appeal is authorized by this section. But it must be borne in mind that the allowance here is a mere incident to and part of the whole order. And the appeal is from the whole order. The main part of the order appealed from is the contracts of insurance on the county property for a period of five years and the allowances were to pay the premium on that contract. If it be conceded that the contracts of insurance were themselves ministerial acts on the part of the board, as we think they clearly were, then they can not be reviewed and set aside on appeal. And if the allowance to the insurance agents for the payment of the premium on such contracts may be appealed from, that is, if that part of the order may be appealed from without appealing from the whole order, and on such appeal may be set aside and annulled, yet that would have the same effect as appealing from the contract part of the order also, because if the provision for the payment of the premium is reviewed and set aside, the contracts of insurance would be as effectually defeated as if the appeal had been entertained as to the whole order and the whole order reviewed and set aside on appeal.

In fact the whole ground of the appeal, stated in appellant's affidavit, showing his interest and grievance,

and the argument of his learned counsel in support of the right of appeal from the action of the board, is not that the allowances themselves were wrong or erroneous, but that the allowances ought not to have been made because the board acted unwisely in entering into the insurance contracts. Besides, if this had been an appeal from that part of the order making the allowances, and from nothing else, there must have been three appeals instead of one. It is only by treating the whole order as a unity that such a connection is established between the three allowances as that a single appeal would bring all of them into the superior court for trial. Manifestly the appellant has treated his appeal as from the contracts of insurance. It thus appears that the whole and the sole ground of attack upon the allowances is that the contracts of insurance were imprudent and unwise and that if the act of the board in entering into such contracts can not be reviewed and avoided on appeal to the superior court, the allowances for the payment of the premiums can not be so reviewed and set aside. In short, the success of the attack upon the allowances on the appeal to the superior court is made to depend upon the success of the attack upon the act of the board in entering into the insurance contracts. The law commits to the board of commissioners very extensive powers over the property, finances, and institutions of the county. In *State, ex rel.*, v. *Clark*, 4 Ind. 315, it was said of the board: "It has the care of the property of the county, as well as its supervision and management." The power exercised in the case before us in entering into the insurance contracts was purely ministerial or administrative in its character, and the board in exercising it acted in their capacity as a corporation and not as a court; their act being that of the county in its corporate capacity. So long as they acted in good

faith and within the powers conferred on them by the statute, their acts can not be brought in question by appeal. Whether acts of the kind here involved, done corruptly, can be questioned by appeal, we need not inquire, because there is no charge here of bad faith on the part of the board.

As the allowances can only be reviewed on the appeal to the superior court by reviewing and setting aside on such appeal the act of the board in entering into the insurance contracts, which is purely ministerial in its character, from which no appeal lies, it follows that the whole order partakes of the same character and can not be separated; it must necessarily all stand or fall together, and to maintain the right to appeal from a part of it the appellant must maintain the right to appeal from all of it.

It is sufficient to say that the acts complained of were authorized by law.

The statute provides that "such commissioners shall have power at their meetings   *   *   to make all orders respecting the property of the county   *   *   and to take care of and preserve such property." Burns R. S. 1894, section 7829 (R. S. 1881, section 5744).

It does not in so many words say they shall insure such property, as the commissioners did in this case, but if in their judgment and discretion that is necessary, to take care of and preserve such property, then the statute imposed the duty and conferred the power on them to effect such insurance. That, however, was a purely business proposition, and not judicial in character in any sense of the word. The Legislature could not reasonably have intended by the word decision, as used in the sections referred to, to include action by the board of commissioners in matters of a purely ministerial or business character, wherein the board acts solely as a

curporation and not as a court, and not judicially, because if appeals were intended to be authorized to the circuit or superior court from ministerial or administrative acts of the board, such appeal could afford no relief to the appealing party, for the reason that the circuit or superior court can exercise no other than judicial powers. They are clothed with no general ministerial powers whatever. *Platter* v. *Board, etc., supra*, p. 375.

In such a case as the one before us, there is no controversy about or upon any question of fact or upon any question of law between the appellant and appellee in the superior court. The sole question made by the appeal to the superior court was not whether the board had the power, and was in duty bound to insure the county property, but the question made was whether it was a prudent business transaction to insure the property at that particular time, taxes then being very high and the county treasury very low, the county buildings being in a manner fire proof, and especially the insurance ought to have been effected, as it was claimed, at a lower rate, and to that end the board, counsel say, ought to have invited competition between all the insurance companies, a dozen or so in number represented by agencies in the city of Evansville, the county seat, which it is alleged the board did not do. All these were purely business propositions, invoking only the ministerial or administrative powers of the board, resting solely in their sound discretion, and to deal with which the superior court had no power whatever, except to dismiss the appeal as it did. *Platter* v. *Board, etc., supra: Davis* v. *Board, etc.*, 136 Ind. 503; *State, ex rel.*, v. *Board, etc.*, 131 Ind. 90; *Farley* v. *Board, etc.*, 126 Ind. 468.

But we do not mean to hold that from an allowance pure and simple, an appeal will not lie; on the contrary

an appeal from such an allowance is expressly authorized by the statute.

It is bitterly complained by the appellant that if an appeal is not allowed in such a case as this, the people have no remedy. There are many business or administrative acts the board may do that would seem ill advised and imprudent to even a majority of the voters and taxpayers of the county, and yet there is no other remedy in such a case than that of the ballot box. The superior court did not err in dismissing the appeal.

The judgment is affirmed.

