## Ross et al. *v.* Becker et al.

[No. 20,912.   Filed May 28, 1907.   Rehearing denied October 18, 1907.]

1. Highways.—*Petition.—Signatures.—Jurisdiction.*—A highway petition, under the act of 1903 (Acts 1903, p. 255), signed by less than a majority of the abutting landowners, is insufficient, and the board of commissioners is without jurisdiction to proceed therewith.  p. 168.

2. Same.—*Petitions.—Signatures of Landowners.—Appeal from Board.—Questions Reviewable.*—On an appeal to the circuit court from a decision of the board of commissioners, involving the question of the sufficiency of the number of signatures by abutting landowners to a highway petition, such court has the right to determine such question.  p. 169.

3. Appeal.—*From Boards of Commissioners.—Rule.*—A decision of the board of commissioners, involving a judicial act, is appealable, unless a statute prevents; but a decision, not involving a judicial act, is appealable only where expressly authorized by statute.  p. 170.

4. Highways.—*Petitions.—Judicial Act.*—The decision of the board of commissioners on the sufficiency of a highway petition, is a judicial act.  p. 171.

5. Appeal.—*Briefs.—New Trial.*—Questions not properly saved by a motion for a new trial, nor properly presented in the brief, cannot be considered.  p. 171.

From Howard Circuit Court; *James F. Elliott,* Judge.

Highway proceeding by Herman F. Ross and others, against which Edward G. Becker and others remonstrate. From a judgment for remonstrants, petitioners appeal.   *Affirmed.*

*Oglebay & Oglebay,* for appellant.

*Kemp & Kemp,* for appellee.

HADLEY, C. J.—Under "an act concerning gravel roads," approved March 9, 1903 (Acts 1903, p. 255), appellants filed before the Board of Commissioners of the County of Tipton their petition for the improvement of a highway in said county. The petition was in circulation for signatures on January 12, 1905, and notice of the intention to present the same to the commissioners was posted January 17, 1905, and the petition was actually presented February 6, 1905. When the petition was first put in circulation for signatures, January 12, there were nine resident landholders of the county whose land abutted on the proposed improvement, five of whom signed the petition. On January 14 and 23, respectively, Edward G. Becker, one of said abutters, conveyed by deed, his wife not joining, to each of his five children, a separate part of his land, each part abutting upon said proposed improvement, and at the time of the presentation of said petition to the commissioners, to wit, February 6, there were fourteen resident landowners of the county whose land abutted on the proposed improvement, but five of whom had signed the petition for the gravel road. On the day set for the hearing of the petition the nonpetitioning abutters, nine in number, including the grantees of Edward G. Becker, appeared before the commissioners, and moved to dismiss the petition, on the ground that the same was not signed by a majority of the resident abutting landowners. To the motion the petitioners filed a verified answer to the effect that the grantees of Edward G. Becker, naming them, were not *bona fide* holders of said lands, but were fraudulently made such holders for the fraudulent purpose of increasing the number of abutting landowners, and thereby preventing the five petitioners from constituting a majority of such abutters. To the answer Edward G. Becker replied in denial. The motion to dismiss the petition was overruled, and the board expressly found that "the petition is signed

by a majority of the resident landowners," and appointed viewers. The viewers and engineer made reports, and upon the maturity of the notice thereof the Beckers again appeared before the commissioners and renewed, over appellants' objection, their motion to dismiss the petition and proceedings because the petition was not sufficiently signed. The motion was overruled. Appellees then filed separate remonstrances raising the same questions, which were also overruled. The remonstrators appealed to the Tipton Circuit Court, whence the case was venued to the Howard Circuit Court, where the motion to dismiss the petition was again renewed and sustained, from which decision the petitioners appeal.

The first question for consideration is whether the decision of the board of commissioners, holding that the petition for the improvement was signed by a sufficient number of 1. abutting landowners, was final and conclusive, or subject to review by the circuit court on appeal. Unless the petition was signed by a majority of the resident landowners whose land abutted on the proposed improvement, the board of commissioners was absolutely without power to take any step looking to the construction of a gravel road. Acts 1903, p. 255. When the petition was presented, the first step to be taken by the commissioners was to determine whether the petition was signed as the statute required it should be, in order to give them authority to act upon it. The inquiry was one of fact, to determine which the board was required to hear the evidence, weigh it, and judicially decide. When the fact of signing was thus ascertained the board had no discretion. If the signing was by a majority of the abutters, the law required said board to proceed in the matter and appoint viewers. If signed by less than a majority, it found itself without power to go on, and nothing remained but to dismiss the proceedings for want of jurisdiction.

Was the ruling of the commissioners on this fact appeal-

able to the circuit court? This proceeding was begun in
February, 1905, under the highway act of 1903, *supra,*
2. and the improvement, when finally ordered by the
commissioners, was after the taking effect of the high-
way act of 1905 (Acts 1905, p. 521, §6726 *et seq.* Burns
1905). There is, however, in the latter act a provision that
it "shall not effect any pending litigation, or proceeding,
but the same shall be concluded, and be effective in all re-
spects as if this act had not been passed." So the act of
1905, *supra,* must be eliminated, and resort had to the pro-
visions of the act of 1903, *supra,* so far as necessary to the
disposition of the case.

In passing, it is well to bear in mind that the appellees
appeared before the commissioners at the first presentation
of the petition and challenged their jurisdiction for want of
a sufficiently signed petition, and raised the same question
by remonstrance and on appeal to the circuit court. Section
seven of the act of 1903, *supra,* provides that on or before
the day set for the hearing of the report of the viewers, the
owners of any lands affected by the work may remonstrate
against the report for any or all of the following causes:
(1) The report is not according to law; (2) assessments
are too high; (3) damages are too low; (4) costs are more
than benefits; (5) improvement not of public utility. It
will be noted that there is no language excluding other
grounds of remonstrance.

Section fourteen of the act of 1903, *supra,* provides:
"Any person who appeared and filed a remonstrance before
the board of commissioners shall be allowed an appeal to the
circuit court, in like manner as appeals are now allowed to
be taken from the board of commissioners to the circuit
court, and on such appeal the *only question that can be tried*
in the circuit court shall be the questions raised before the
board of commissioners." Planting themselves upon the
last clause of the above statute, appellants contend that
the act of 1903, *supra,* provides a special scheme for the

improvement of highways, complete within itself, and the insufficient signing of the petition not having been recognized and specified, as a cause of remonstrance, the decision of the board thereon, however erroneous, must be regarded as final and conclusive. This contention cannot be sustained.

In 1852 the General Assembly passed two general laws, one concerning highways, the twenty-sixth section of which (§6754 Burns 1901, §5027 R. S. 1881), so far as material here, reads thus: "Any person aggrieved by any decision of any board of commissioners, may appeal therefrom to the circuit court of such county." The other provides for the organization of boards of commissioners, defines their powers and duties, and in the thirty-first section (§7859 Burns 1901, §5772 R. S. 1881), says: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved." Since the passage of these acts there have been many enactments of a special character concerning cities and towns, and drainage and highway proceedings, in which certain limitations of the right of appeal have been declared.

The early decisions construing these general statutes in connection with provisions concerning appeals found in enactments of a special nature were confused and conflicting. Realizing this fact the court, in *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, collected and reviewed the former decisions, and by Woods, J., deduced therefrom what seemed to be the correct rule, and which has been steadfastly adhered to, and may now be considered the settled law of the State. The holding is that the general and specific enactments must be construed *in pari materia;* that is, as if contained in one act. Springing from the later cases is the further settled construction of the term "decision" as employed in each of the above general statutes set out, namely, that the appealable cases, within the meaning of the term, are judicial decisions only, that is, de-

cisions that involve some judicial act. Decisions of this character may be appealed to the circuit court in any case, unless the right of appeal is expressly, or by necessary implication, denied by the special statute, while other determinations by boards of commissioners are not appealable in any case, unless expressly authorized by the statute. *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 374; *Bunnell* v. *Board, etc.* (1890), 124 Ind. 1; *Farley* v. *Board, etc.* (1891), 126 Ind. 468; *Board, etc.,* v. *Davis* (1894), 136 Ind. 503, 22 L. R. A. 515; *City of Terre Haute* v. *Mack* (1884), 139 Ind. 99, 110; *Potts* v. *Bennett* (1894), 140 Ind. 71; *Board, etc.,* v. *Heaston* (1896), 144 Ind. 583, 55 Am. St. 192; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *Board, etc.,* v. *Spangler* (1902), 159 Ind. 575.

The question arising upon the petition is judicial, as well as jurisdictional, and must, under the foregoing rule, be held to be appealable to the circuit court, unless expressly

4. or by necessary implication forbidden. It is certain that the right of appeal is not expressly disallowed, and there appears no reasonable ground for claiming its denial by necessary implication in the absence from the statute of all words of exclusion of other grounds of remonstrance than those set forth. It follows that appellee had the right to appeal to the circuit court, and the latter court did not err in entertaining the same, nor in acting upon the motion to dismiss the petition for want of jurisdiction.

Other questions are discussed that must go unconsidered, for the reason that they have not been saved by mo-

5. tion for a new trial, or otherwise, or presented in the brief as required by rule twenty-two of this court.

Judgment affirmed.