McGRAW ET AL. *v.* MARION COUNTY PLAN COMMISSION ET AL.

[No. 19,174. Filed May 17, 1961.]

*Raymond J. Justak, Martine H. Justak,* and *Justak & Justak,* of counsel, for appellants.

*William F. LeMond* and *Robert S. Smith,* both of Indianapolis, for appellees.

MYERS, J.—This is an appeal from a judgment of the Marion Circuit Court declaring a "decision" of the Marion County Plan Commission to be legal and proper.

Appellees, Harry and Elizabeth Adler, were the owners of an unimproved ten-acre tract of real estate located on the east side of U. S. Highway 421 at 63rd Street, north of the city limits of Indianapolis, in Marion County, Indiana. At the time this action was commenced, it was zoned for residential purposes only in accordance with the Marion County Master Plan Permanent Zoning Ordinance.

On May 29, 1956, the Adlers filed a petition with the Auditor of Marion County requesting that the zoning ordinance be changed, in so far as it pertained to their real estate, from a residential-zoned district so as to permit the construction and operation of a shopping center.

It is provided by statute (§§53-764, 53-765, Burns' 1951 Replacement) that any proposed ordinance for the amendment, supplement or repeal of a zoning ordinance not originating from the Plan Commission shall be referred by the Auditor to the Plan Commission for consideration and report before final action can be taken by the Board of County Commissioners, which is and was then charged with the duty of adopting such ordinances. The Adlers' petition was duly referred to the Plan Commission, which published notices and held a hearing on the matter on June 21, 1956. The Plan Commission voted 6-3 in favor of the re-zoning requested. The Board of County Commissioners adopted an ordinance on the 27th day of June, 1956, wherein it changed the zoning classification of the Adlers' ten-acre tract from residential to commercial.

The appellants were all property owners in the neighborhood and vicinity of the ten-acre lot. On July 20,

1956, they filed their duly verified petition for writ of certiorari in the Marion Circuit Court, pursuant to §53-755, Burns' 1951 Replacement, alleging that the "decision" of the Plan Commission was arbitrary, illegal and void, setting forth their reasons. Summons was issued, notices of the application for the writ were filed, and the trial court entered an order to appear and show cause why the writ should not issue. The Plan Commission and the Adlers were named as party defendants. The Marion County Board of Commissioners was not made a party to the action.

On August 9, 1956, appellee, Plan Commission, filed a motion to dismiss based upon the ground that the recommendation of the Plan Commission was not a "decision," and thus the Circuit Court had no jurisdiction over the subject-matter of this cause. The court overruled the motion and ordered the writ of certiorari issued. It was served on the Commission and copies given to the Adlers. A return to the writ was filed by the Plan Commission containing all the records of the case and including the minutes of the meeting held before the Plan Commission on June 21, 1956, in so far as they applied to the Adlers' property.

Appellants filed a motion for judgment on the record and pleadings. This was overruled. Later, the parties filed a Stipulation of Evidence to Supplement the Return to the Writ. Oral arguments were held, and on January 3, 1958, the court entered a judgment against appellants and in favor of appellees, finding that the decision of the Plan Commission was not illegal. Appellants filed their motion for new trial in which they state that: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law; and (3) The court erred in overruling

petitioners' motion for judgment on the record and pleadings.

The motion for new trial was overruled on February 24, 1958, and this appeal followed. The assignment of errors is based on the overruling of appellants' motion for new trial and on the overruling of appellants' motion for judgment on the record and pleadings.

The appellants have filed their petition for a writ of certiorari, pursuant to §53-755, Burns' 1951 Replacement, *supra*, which reads as follows:

"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals.

"A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission's action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision.

"A change of venue from the county in which the property is located shall not be had in any cause arising under the provisions of this section."

This case involves an action by the Marion County Plan Commission. The question to be decided here is whether the term "decision" as used in the statute includes the action taken by the Commission so as to permit a writ of certiorari to lie herein. To determine this, we must look at the Acts of 1947 (Acts 1947, Ch. 174, p. 571, being §53-701 *et seq.*, Burns' 1951 Replacement), entitled "An Act for the development, through planning and zoning, of urban and rural areas."

Pursuant to section one of that act, each city council, town board of trustees, and each board of county commissioners in the state may by ordinance create a Plan Commission to promote the orderly development

and future growth of its community. As we are concerned herein with a County Plan Commission created by the Board of County Commissioners of Marion County, we shall refer to the act only as it pertains to County Plan Commissions.

The statute reads, in part, as follows:

"In accomplishing this objective, it is the intent of this legislation that the plan commission shall serve in an advisory capacity to presently established boards and officials, and in addition, that certain regulatory powers be created over developments affecting the public welfare and not now otherwise controlled, and that additional powers be granted legislative bodies of cities, towns and counties to carry out the purposes of this act." Section 53-701, Burns' 1951 Replacement.

(It is to be noted that, in so far as Marion County goes, this act has been superseded by the Metropolitan Plan Commission Act of 1955, being Chapter 283 of the Acts of 1955, as amended: §53-901 *et seq.*, Burns' 1951 Replacement [Supp.]).

The act proceeds to declare the membership of a Plan Commission and its powers and duties. Among others, it is given the power to make "recommendations" to the board of county commissioners concerning the status of planning within its jurisdiction. Its prime duty is to prepare a master plan for the development of the county in regard to future growth, land use, streets and highways, sewers and sanitation, parks and recreation, public buildings and institutions, and other factors which are a part of the physical, economic or social situation within the county. Section 53-734 (Supp.), §53-735, Burns' 1951 Replacement.

The Commission is empowered to adopt a master plan after holding a public hearing, and certify it to the Board of County Commissioners in the form of an ordi-

nance, with a "recommendation" thereof. Section 53-739, Burns' 1951 Replacement. If the County Commissioners do not take any final action on such certification of the plan and ordinance within sixty days thereafter, it is to have the same effect as all other ordinances. Section 53-740, Burns' 1951 Replacement.

However, if the County Commissioners reject the plan or amend it, the law provides that it shall be returned to the Plan Commission for its consideration, together with written reasons for its rejection or amendment. The Commission has 45 days to consider the matter. If it approves the amendment, the ordinance shall stand as passed by the County Commissioners. If the Plan Commission disapproves the amendment or rejection, the County Commissioners' action shall stand only if confirmed by unanimous vote. If the Plan Commission fails to file a report within 45 days, the action in amending or rejecting the ordinance becomes final. Section 53-741, Burns' 1951 Replacement.

After adoption of the master plan, amendments may be proposed by the Plan Commission, the County Commissioners, or by the owners of 50 per cent or more of the area involved in the petition. Sections 53-742, 53-764, 53-765, Burns' 1951 Replacement.

All actions to be taken by the Plan Commission are tentative and preliminary. At all times "final action" on any zoning or re-zoning plan or amendment must be taken by the County Commissioners. They, together with city councils, are affirmatively given the power and duty to classify, regulate and determine the use of all lands and buildings within their respective jurisdictions. Section 53-756, Burns' 1951 Replacement. Throughout this act, the duties of a Plan Commission are to "recommend," "to consider and report," and

"to make recommendations." While it can adopt a master plan or amendment thereto, it can only "recommend" passage of it as a proposed ordinance. No action on the part of the Plan Commission may cause an ordinance to become effective. Only action on the part of the Board of County Commissioners or its inaction for a period of sixty days may cause an ordinance to become effective.

It must be remembered that the first section of the 1947 act states that it is the intent of that legislation that the Plan Commission should serve in an *"advisory capacity to presently established boards and officials."* (Our emphasis.) The word "advisory" means: "Counselling, suggesting, or advising, but not imperative or conclusive." Black's Law Dictionary (Fourth Edition). It implies that the Plan Commission may be "advised." The verb "advise" means: "To give an opinion or counsel, or recommend a plan or course of action." (Idem. Our emphasis.)

Under this act, therefore, appellants claim that the Marion County Plan Commission made a decision which is subject to review by the circuit court. The word "decision" has been passed upon many times by our courts. There are cases relating to appeals from actions by Boards of County Commissioners under statutes reading substantially the same as the statute in question, which are to the effect that any person aggrieved "by any decision" of a Board of Commissioners may appeal therefrom to the circuit court. It has been decided that the word "decision" as used in such a statute refers only to judicial decisions, meaning decisions involving a judicial act. *Ross* v. *Becker* (1907), 169 Ind. 166, 170, 81 N. E. 478. Purely ministerial decisions or administrative acts are not within the con-

cept of such terms. *Potts* v. *Bennett et al.* (1895), 140 Ind. 71, 76, 77, 39 N. E. 518; *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971; *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65. It is clear that the hearing and action before the Plan Commission can only lead to some action or non-action on the part of the County Commissioners, as they alone have the power to accept, amend or reject what the Plan Commission proposes. There is no finality to the Plan Commission's action. Its recommendations are not binding on any one.

In so far as the appellants in the present case are concerned, the action on the part of the Marion County Plan Commission, in approving the re-zoning ordinance and recommending passage of the same to the Board of County Commissioners, did them no harm nor deprive them of any rights. It was only when the Board of County Commissioners acted and passed the ordinance that they were affected. This ordinance has not been attacked, and, so far as we know, it is still in existence and in full force and effect. Even if we were to hold for appellants and reverse the circuit court, our decision would have no effect and would be of no consequence, as the ordinance would still be in operation.

We hold that the actions which a city or county Plan Commission may take in regard to planning and zoning, pursuant to the act of 1947, are not decisions as were intended to be reviewed by a circuit court; that such actions are recommendations of an advisory nature only, which are inoperative and ineffectual for any purpose unless acted upon by the proper municipal authority, or allowed to become operative by reason of the failure of a Board of County Commissioners to act within the 60-day period. The trial court in the case at bar had no jurisdiction over the subject-

matter of this action and should have dismissed it upon motion of appellee, Marion County Plan Commission. *Wright* v. *Marion County Plan Commission* (1960), 130 Ind. App. 203, 163 N. E. 2d 259.

Neither party to this appeal has presented to us what we consider to be the crucial question in this case. The power to entertain this particular proceeding depended upon compliance with the statutory conditions precedent to the exercise of that power. *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 268, 145 N. E. 2d 4. Since this matter did not involve a decision of the Plan Commission, there was a failure to comply with the conditions of the statute for review. Thus, the court had no jurisdiction over the subject-matter involved herein. Questions as to such jurisdiction may be raised at any time. If not raised by a party, it is our duty *sua sponte* to determine it. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441.

This cause is remanded to the Marion Circuit Court, with instructions that the court vacate and expunge from the record its judgment heretofore entered, and sustain appellee Plan Commission's motion to dismiss.

Ax, C. J., Pfaff, P. J., and Bierly, Cooper and Ryan, JJ., concur.

Gonas, J., concurs with opinion.

Kelley, J., not participating.

## CONCURRING OPINION

GONAS, J.—Appellees, Adler and Adler filed their petition, which was referred to the Marion County Plan Commission, requesting the rezoning, and the County Commissioners adopted an ordinance "recommended" by the Plan Commission. Appellants then, by certiorari

procedure, attempted, in the Marion Circuit Court to challenge the legality of the "recommendation." They prosecuted this appeal from a decision adverse to them.

We recently held that such a "recommendation" was not a "decision" within the meaning of Burns Ann. Stat. §53-755 and that there is no statutory authority for its review by certiorari and that the Marion Circuit Court does not have jurisdiction of the subject matter of such an attempted review. *Wright* v. *Marion County Plan Commission et al.* (1960), 130 Ind. App. 203, 163 N. E. 2d 259.

Appellees cite, as contra to the holding of the *Wright* case, *supra,* the following cases: *State ex rel. Hardin et al.* v. *Mar. S. C., Niblack, J.* (1956), 235 Ind. 604, 135 N. E. 2d 517; *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516; and *Hirschman et al.* v. *Marion County Plan Commission et al.* (1958), 128 Ind. App. 520, 146 N. E. 2d 277.

In none of these cited cases did the Supreme Court pass upon the question of whether a "recommendation" of a plan commission such as that involved here, was a "decision" within the meaning of Burns Stat. §53-755.

In *Hirschman et al* v. *Marion County Plan Commission et al., supra,* the question was presented as to whether the recommendation of the Plan Commission was a "decision" subject to review by certiorari.

The appellees Plan Commission and Board of County Commissioners did not file a brief and we had only to consider whether the appellants had made a *prima facie* showing of error. We determined that *prima facie* at least, the Marion Circuit Court had jurisdiction of the subject matter. In *Wright* v. *Marion County Plan Commission, supra,* we did not follow such prima facie

determination. I adhere to the holding of the *Wright* case.

NOTE.—Reported in 174 N. E. 2d 757.