LE ROY ET AL. *v.* STATE COMMISSION FOR REORGANIZATION OF
SCHOOL CORPORATIONS OF THE STATE OF INDIANA.

[No. 30,908. Filed October 31, 1967. Rehearing denied
January 18, 1968.]

*Bowen Myers Northam & Given,* of Indianapolis, for appellants.

*John J. Dillon,* Attorney General, and *Anthony Champa,*
Assistant Attorney General, for appellees.

MOTE, J.—This appeal comes to us from the Starke Circuit Court wherein the Judge thereof sustained a Motion to Dismiss Appellants' complaint against the Appellees.

The Assignment of Errors is as follows:

"1. The court erred in sustaining the motion to dismiss filed by the Appellee State Commission for Reorganization of School Corporations of the State of Indiana.

2. The court erred in holding and deciding that the State Commission for the Reorganization of School Corporations is not required to follow the Administrative Adjudication and Court Review Act.

3. That the finding and decision of the court was contrary to law."

Aside from the technical question raised as to whether the motion to dismiss would serve the same purpose as a demurrer, which we hold under the circumstances in the affirmative, the only question (in two parts) presented by this appeal is whether (1) the Administrative Adjudication and Court Review Act of Indiana, the same being Ch. 365 of the Acts of 1947, as amended and found in Burns' Ind. Stat. § 63-3001 et seq., has any application to the case at bar; and (2) whether the same must be followed by the State Commission established by the provisions of the School Corporation Reorganization Act of Indiana, General Assembly 1959, as amended, the same being found in Burns' Ind. Stat. 1966 Cum. Supp. § 28-6101 et seq.

Even a cursory examination of the provisions of the two said Acts leads to the conclusion that the former mentioned Act does not apply to the latter Act in this particular proceedings and it would be difficult to imagine a situation in which there would be any application, for the reason that the proceedings before the said State Commission, although necessary, are not final and for the further reason that the contemplated statutory functions of said State Commission generally, as here, are ministerial and not judicial.

This reasoning can be supported by a line of respectable authorities.

In *McGraw* v. *Marion County Plan Commission* (1960), 131 Ind. App. 686, 174 N. E. 2d 757, it was stated:

"It has been decided that the word 'decision' as used in such a statute refers only to judicial decisions, meaning decisions involving a judicial act. Ross v. Becker (1907), 169 Ind. 166, 170, 81 N. E. 478. Purely ministerial decisions or administrative acts are not within the concept of such terms. Potts v. Bennett et al. (1895), 140 Ind. 71, 76, 77, 39 N. E. 518; Collins v. Laybold (1914), 182 Ind. 126, 104 N. E. 971; In re Northwestern Indiana Tel. Co. (1930), 201 Ind. 667, 171 N. E. 65. It is clear that the hearing and action before the Plan Commission can only lead to some action or non-action on the part of the County Commissioners, as they alone have the power to accept, amend or reject what the Plan Commission proposes. There is no finality to the Plan Commission's action. Its recommendations are not binding on any one."

We shall not lengthen this opinion by further citations. The School Corporation Reorganization Act of 1963 does not vest in the State Commission authority for finality of action herein.

Concerning Appellees' motion to dismiss, the case of *Calumet National Bank of Hammond* v. *McCord* et al. (1963), 243 Ind. 626, 189 N. E. 2d 583, this Court held and stated:

"However, even though the motion to dismiss is improper procedurally, this court has held that such a motion will be treated in unusual instances as a demurrer if the complaint or petition could not possibly be amended to state a good cause of action in connection with the controversy."

Therefore, our conclusion is that the trial court did not err in sustaining the motion to dismiss, nor did it err in holding and deciding that the State Commission for the Reorganization of School Corporations is not required to follow the Administrative Adjudication and Court Review Act.

We find and conclude also that Appellants have failed to demonstrate that the finding and decision of the trial court was contrary to law. Judgment affirmed.

Jackson and Lewis, JJ., concur.

Hunter, C. J., dissents with opinion, in which Arterburn, J., concurs.

DISSENTING OPINION

HUNTER, C. J.—I dissent from the majority opinion for the following reasons:

This is an appeal from an action commenced in the LaPorte Circuit Court by the filing of a verified complaint for a judicial review under the Administrative Adjudication and Court Review Act (Burns' § 63-3001, et seq.). The action was brought by school trustees of three (3) school townships and twenty-two (22) residents and taxpayers of eight (8) school townships, including the advisory board members on behalf of other taxpayers of LaPorte County similarly situated.

This cause is before us on appeal from a judgment in the action wherein the appellants sought judicial review of the action and decision of the State Commission for the Reorganization of School Corporations. Such decision was the purported Commission approval, after a hearing, of a final comprehensive plan for the reorganization of the school corporations of LaPorte County, Indiana.

The appellees, defendants below, are the State Commission for the Reorganization of School Corporations of Indiana, its members and members of the LaPorte County Committee for the Reorganization of School Corporations. The case was venued to the Starke Circuit Court, where judgment was entered on a motion to dismiss the complaint in favor of the appellees.

The prayer of plaintiffs' complaint sought a declaratory

judgment and asks that such order, finding and determination of the State Commission be set aside.

This case comes directly to this Court under the provisions of the Administrative Adjudication and Court Review Act, Burns' Ind. Anno. Stat. § 63-3001 et seq., the legislative intent of which is, as expressed in § 63-3001, as follows:

> "It is the intent to establish a uniform method of administrative adjudication by all agencies of the state of Indiana, to provide for due notice and an opportunity to be heard and present evidence before such agency and to establish a uniform method of court review of all such administrative adjudication. (Acts 1947, ch. 365, § 1, p. 1451.)"

The act provides for a direct appeal in such cases to the Supreme Court as in civil causes, and this was done in the instant case.

The Attorney General on behalf of the State Commission filed a motion to dismiss the action for the purpose of contesting jurisdiction of the Court over the subject matter of the cause of action and the persons of the defendants. The appellee commission asserts that the action of the State Commission for the Reorganization of School Corporations did not constitute an order or determination made by an *agency* within the meaning of the Administrative Adjudication and Court Review Act of 1947, as found in Burns' (1951 Repl.) 1963 Supp., § 63-3001 et seq. The motion further stated that the plaintiffs were not, singularly or collectively, parties aggrieved by any of the actions of the defendants for the reason that they have no vested rights or privileges in the organization or operation of the common schools of the State of Indiana other than those given them by the General Assembly of Indiana, and the form of action herein instituted by the plaintiffs is not among the rights and privileges they have been given.

The motion to dismiss alleges that a good cause of action cannot be made and the cause therefore should be dismissed. The trial court considered the motion to dismiss as a de-

murrer and assumed that all the facts well pleaded were true, and that the motion therefore admitted for the purpose of the proceedings submitted that the State Commission did not comply with the provision of the Act governing its functions.

The issues which this Court is required to consider are:

(1) Whether or not the State Commission for the Reorganization of School Corporations is required to follow the provisions and procedures set forth in the Administrative Adjudication and Court Review Act, and

(2) the issue within specification 1 (b) of appellees' motion to dismiss as follows:

"(b) That the plaintiffs herein, singly or collectively, are not 'parties or persons aggrieved' by any actions of any of the defendants referred to in plaintiffs' complaint for reason that none of the plaintiffs, singly or collectively, have any vested rights or privileges in the organization or operation of the common schools of this state other than that given them by the General Assembly of Indiana, which does not include the form of action herein instituted by the plaintiffs."

There are also specifications in appellees' motion and in their brief that the plaintiffs are not aggrieved parties within the meaning of the Administrative Adjudication and Court Review Act.

We first consider the principal issue of whether or not the State Commission for the Reorganization of School Corporations is subject to and required to follow the provisions and procedures set forth in the Administrative Adjudication and Court Review Act.

In order to answer this question, it should first be determined whether or not the State Commission for the Reorganization of School Corporations of the State of Indiana is an "agency" within the definition provided by the Administrative Adjudication Act. The pertinent section of the act reads as follows:

"The word 'agency' whenever used in this act (Sections 63-3001—63-3030) shall mean and include any officer, board, commission, department, division, bureau or committee of the state of Indiana other than courts, the governor, military officers or military boards of the state, state colleges or universities supported in whole or part by state funds, benevolent, reformatory or penal institutions, state board of tax commissioners and the public service commission of Indiana: Provided, however, That on and after the first day of April, 1951, the above entitled act shall not apply to control nor effect the Indiana department of state revenue or any division, department, or agency thereunder . . ." Burns' Ind. Anno. Stat., 1961 Repl. § 63-3002.

The State Commission for the Reorganization of School Corporations was not in existence at the time of the passage of the above section and therefore, of course, is not specifically named as an excepted agency. On the other hand, there is nothing in the act which purports to limit its application to existing agencies, and this Court has previously held that the Administrative Adjudication Act is applicable to a state agency which was created subsequent to the passage of said act. *Knoy* v. *Indiana Real Estate Commission* (1959), 239 Ind. 379, 157 N. E. 2d 825.

We therefore believe that the State Commission for the Reorganization of School Corporations should be recognized as an "agency" within the definition of the Administrative Adjudication Act.

It is further contended by the Commission that its actions do not constitute an "order or determination" made by an "agency" within the meaning of that act, but merely constitute "intermediate procedural actions" and, therefore, are not subject to judicial review pursuant to the Administrative Adjudiction Act. With this contention we cannot agree. To support this argument the appellees state that the action or decision of the Commission is not final until there is a school election upon the plan. As a matter of fact and law there are very few administrative actions and determinations that are,

*ipso facto* final. There is generally some opportunity afforded by law for further procedure to set them aside. It should further be pointed out that after the election there is no opportunity to question the action of the Commission. The same question was considered and decided adversely to the appellees in *State ex. rel. Marion County Plan Commission* v. *Marion Superior Court, Room 5* (1956), 235 Ind. 607, 135 N. E. 2d 516.

The statute on administrative judicial review provides as follows:

"63-3014. Judicial review—Courts—Procedure.—Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act (Secs. 63-3001—63-3030). Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence."

The trial court, by its judgment of dismissal, held and the majority of this Court affirms that the Act is not applicable to review the decision of the State Commission, and thereby the rights of the plaintiffs to have a judicial review in this cause are foreclosed.

The duties of the Commission are clearly set out in its organic statute, the pertinent parts of which read as follows:

Burns' Ind. Anno. Stat. 1966 Repl. § 28-6115, subparagraphs
. . .

"(c)   The state commission shall receive and examine each plan for the reorganization of school corporations submitted to it by the county committees, and approve such plan when it is *found* by the state commission to provide for a *satisfactory school organization.*

(d)   The state commission shall formulate and adopt a set of minimum standards in furtherance of the policy expressed in section 1 (note to § 28-6101) of this act, which all proposed reorganized school . . . corporations must meet, in so far as feasible.   Such minimum standards shall include, but shall not necessarily be limited to, the inclusion of all the area of the county in a school corporation or school corporations, in order to furnish efficient and adequate educational opportunity for all the pupils in grades one (1) through twelve (12).   The county committee and the state commission may arrange a conference to review and consider problems encountered by the county committee in the formulation of a reorganization plan. This conference may, but need not necessarily, be held prior to the adoption of a preliminary written plan.   Following such conference, the state commission may give a written order to the county committee stating that for a specified geographical area, the meeting of such minimum standards unless the state commission shall have given a prior written order to the county committee stating that for a specified geographical area, the meeting of such minimum standards will not be feasible.

(e)   The state commission shall, within ninety (90) days after receipt of a reorganization plan, hold a public hearing in the county to which such reorganizational plan mainly appertains at which residents of the school corporation affected in an adjacent county or any other interested party shall be afforded an opportunity to appear before the state commission and be heard with reference to such reorganized plan. The state commission shall not be required to hold a public hearing on any plan which in its judgment does not meet the minimum standards fixed by the state commission or the other requirements of the act, unless the state commission prior to that time has given a writen order to the county committee stating that for a specified geographical area, the meeting of such minimum standards would not be feasible.   Whereupon the county committee shall

make necessary amendments without the requirement of further public hearings by the county committee.

After such hearing, the state commission shall within sixty (60) days approve in writing the entire plan, or any parts thereof applying to any proposed community school corporation included therein, found satisfactory and so notify in writing the county committee or county committees concerned. One (1) copy of the reorganization plan as so approved by the state commission shall be returned to the county committee, together with all pertinent material submitted to the state commission by the county committee; the second copy of the reorganization plan as so approved shall be filed with the state commission as a permanent record; the third copy of the reorganization plan as so approved shall be filed with the recorder of the county from which the plan was submitted, to be filed as a permanent record in such county.

If such reorganization plan or part thereof submitted by any county committee is found by the state commission to be unsatisfactory, the state commission shall so notify in writing the county committee concerned within sixty (60) days after the date of the public hearing, stating the reasons for nonapproval or partial nonapproval and, upon request of the county committee, the state commission shall assist said county committee in revising the plan so as to make it satisfactory. Such revised plan shall be resubmitted to the state commission by the county committee within ninety (90) days after notification of nonapproval."

In support of its assertion that the above statutory language merely provides for "intermediate procedural actions" which are not subject to judicial review the appellees have cited the following cases: *McGraw* v. *Marion County Plan Commission* (1960), 131 Ind. App. 686, 174 N. E. 2d 757; *Droege* v. *St. Joseph County Plan Commission* (1961), 132 Ind. App. 74, 175 N. E. 2d 433; *Clark* v. *Town of Griffith* (1961), 132 Ind. App. 211, 176 N. E. 2d 481.

An examination of each of the above cases discloses that there was further administrative action to be taken in each instance.

In the *McGraw* case above cited, the Appellate Court held that actions taken by the Planning Commission in regard to

planning and zoning pursuant to the Act of 1947 are not decisions which are intended to be reviewed by a circuit court. In so holding, the Court pointed out that all actions taken by the Planning Commission are tentative and preliminary and at all times final action on any zoning or rezoning plan or amendment must be taken by the county commissioners.

In the *Droege* case above, the Court cited the *McGraw* case and said the same thing applied to the St. Joseph County Plan Commission.

In the *Clark* case, the Court, citing both the *McGraw* and *Droege* cases, stated that the action of the planning commission as finalized by the ordinance adopted by the Board of Commissioners was not a decision within the meaning of the statutes and therefore not subject to review by petition for writ of certiorari.

Under the school reorganization statute quite a different situation exists. The action of the State Commission in a given case is not advisory. It is the final factual determination on each plan for reorganization of a school corporation or corporations submitted by the county committees. If the State Commission disapproves the plan, it is sent back to the County Committee for reformation. If the plan is approved by the State Commission, it becomes the official plan of that county for the reorganization of school corporations. The only act remaining is the election provided for by § 28-6118 Burns' Statutes, which specifically sets out the language to be used in placing the question before the voters for decision. This language reads as follows:

"Shall the (here insert name) community school corporation be formed as provided in the Reorganization Plan of the ———— county committee for the reorganization of school corporations.

☐ yes          ☐ no

Place an x in the square desired"

If the majority of the voters vote "yes" on such election a community school corporation is created in conformance with the plan. After approval by the State Commission, the only requirement left before the plan is placed in operation is the submitting of the same to the public vote provided in the statute. There is no provision whereby any voter, or the voters as a group, can in any way alter the plan at the time of voting. They can only vote "yes" or "no" on the plan as approved by the State Commission. Likewise, there is no means by which the County Committee may make any change or revision in the final plan prior to its submission to the voters after it has been approved by the State Commission. Thus, it is quite clear that the action of the State Commission in affixing its approval to any reorganization plan is in fact a final administrative action. We believe, therefore, that the final approval of a school reorganization plan by the State Commission should be a "decision" which is reviewable by a court of law under the Administrative Adjudication Act. It is well established that courts have a duty to determine whether or not administrative bodies have violated their limitations, exceeded their authority, or in any other manner attempted to evade and circumvent the plain intent and meaning of statutory limitations. *State ex rel. Saylor Development Company* v. *Circuit Court of Marion County* (1960), 240 Ind. 648, 167 N. E. 2d 470; *King et al.* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563.

Considering the second issue, as to whether or not the plaintiffs are aggrieved parties under the language of the Administrative Adjudication and Court Review Act § 63-3014, the relevant statutory language reads as follows:

"§ 63-3014. Judicial review — Courts — Procedure. — Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act (§§ 63-3001—63-3030)."

The plaintiffs in this cause of action for judicial review include Elmer Szilagyi, as Trustee of Pleasant School Township, LaPorte County, Indiana, as well as Hugh Tonagel, as Trustee of Washington School Township, LaPorte County, Indiana, and two members of the Advisory Board of Washington School Township, LaPorte County, Indiana. The other plaintiffs are residents and taxpayers within Pleasant, Washington and other townships of LaPorte County, Indiana, the school townships which are affected by the plan for the reorganization of school corporations purportedly approved by the State Commission.

From the transcript it appears that prior to the time the County Committee for the Reorganization of Schools in LaPorte County, Indiana, commenced formulation of the Revised Final Comprehensive Plan, which was later approved by the State Commission, that under the provisions of ch. 226 of the 1949 Acts, the same being § 28-2442, providing for the merger of township school corporations into metropolitan school districts, the plaintiff township trustees of Pleasant, Lincoln and Washington Townships had made application to the State Commission for the approval of such metropolitan school district. *As the transcript shows, this request for approval came after an election under the statute had been held in Pleasant and Washington Townships,* in which the *voters* of such townships had approved the creation of *such* metropolitan *school district.* The last action of the State Commission, as shown by the minutes of the State Commission in the transcript, was to defer such request. No action was ever taken on the request.

It would appear, therefore, that the plaintiffs herein come within two separate classifications: the township trustees, who have attempted to form a metropolitan school district, and the individual taxpayers and residents within the geographical area of the school corporations for which the State Commission has purportedly approved a plan for reorganization of school corporations, which plan is questioned in this action

for judicial review under the Administrative Adjudication and Court Review Act. As to the individual taxpayers and residents within this geographical area in question, this Court has previously had occasion to pass upon this question in a decision interpreting the school reorganization Act of 1959, as amended, and in definite and specific language. This Court in *State ex rel. Jones* v. *Johnson Circuit Court* (1962), 243 Ind. 7, 181 N. E. 2d 857, at p. 860, states:

". . . And although individual citizens have no vested property right in the continuation of a political subdivision of the state in its present form, nevertheless, the individuals so affected may, as a class or on behalf of the state, require that the procedure prescribed for changing such political subdivisions be followed. *Woerner* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34, 36, and cases cited therein."

Appellees in support of their position that plaintiffs are not aggrieved parties within the meaning of the act in question cite an article written by one Ralph F. Fuchs, Professor of Law at Indiana University, writing on the subject of Judicial Control of Administrative Agencies in Vol. 28 of the Indiana Law Journal (1953). This article is a summary of the field of law regarding the Judicial Control of Administrative Agencies, and such article very clearly points to cases which support the rule announced in *State ex rel. Jones* v. *Johnson Circuit Court, supra,* that it is not necessary that an individual citizen have a vested property right in the continuation of a political subdivision of the state in its present form and that such individuals as a class or on behalf of the state may require that the procedure prescribed for changing such political subdivision be followed.

One of the cases cited in the foregoing article and relied upon by the appellees is the case of *Harrell et al.* v. *Sullivan* (1942), 220 Ind. 108, 40 N. E. 2d 115. This case clearly and definitely holds that resident taxpayers and voters of a county could maintain an action to determine the validity of

an act providing for the establishment and maintenance of a system of registration of electors. In this same article a direct reference is made to 2 Gavit, Pleading and Practice, § 247, p. 1793, citing the case of *Harrell et al.* v. *Sullivan, supra,* and stating further:

"Similarly it is conceded that officers have an interest in the proper management and control of governmental affairs to the extent that they may maintain a proper action regarding them."

The taking effect of this school reorganization plan will bear directly upon the rights of the township trustees as officers having responsibility for the control, maintenance and operation of the school districts to be merged by the action taken by the State Commission which dissolved the school government controlled and managed by them without taking any action on their request for approval of their Metropolitan School Corporation.

Furthermore, the case of *Harrell et al.* v. *Sullivan, supra,* points up the rule referred to in the writings of the two authorities mentioned, that to enforce private rights the plaintiff "must show an injury to his person, property or reputation," is not applicable to an action for the preservation of public or political rights.

Furthermore, references contained within the *Fuchs* article, *supra,* are to the effect that a taxpayer's injunction suit to challenge the validity of an official action is a recognized remedy, citing *Bennett* v. *Jackson* (1917), 186 Ind. 533, 116 N. E. 821; *Harney* v. *Indianapolis etc. R. R. Co.* (1869), 32 Ind. 244. Thus, the law seems to be well settled in this State that a taxpayer may maintain an action for the protection of public or political rights or unlawful acts and procedures of administrative officials. In the light of this authority, we believe that the plaintiffs herein, both the township trustees under the circumstances referred to herein, and the individual taxpayer plaintiffs should qualify as "aggrieved par-

ties" within the meaning of the Administrative Adjudication and Court Review Act.

It is interesting to note that in the definition of administrative law under the heading of Administrative Law and Procedure in West's Indiana Law Encyclopedia, it is referred to as the law which establishes the procedures and methods of the executive branch of the government in its contacts with private interests and provides for judicial checks on its authority. Administrative law and principles enunciated thereunder comprise an expanding field subject to re-evaluation and re-examination from time to time due to the burgeoning of governmental commissions, boards, bureaus and agencies having regulatory and quasi-judicial functions, and whose members ofttimes follow arbitrary, narrow and unauthorized procedure and routines. Their functions touch and deal directly with a myriad of rights of individuals, corporations, political subdivisions and governmental units at all levels. Therefore, since all of the functions of a school corporation, and the creation thereof, are governed in the entirety by the legislative, executive and administrative departments of state and local governmental units, the State Commission acting pursuant to a legislative delegation of its constitutional authority should also be subject to a uniform system of judicial review. There is no greater or more important responsibility of State government than that of public education. Education of our children is the most expensive single function of the State of Indiana and the responsibility for its conduct is of the greatest concern to all of our citizens; and the Indiana General Assembly and our Courts recognize this fact. Certainly, the taxpayers of such townships and the township trustee plaintiffs as officials under the circumstances shown herein had the public right and duty to prevent the dissolution of existing school corporations through the use of illegal procedures, since such procedures may only be set by the statutes enacted by the State legislature for the reorganization of school corporations. Taxpayers and residents have an interest

in the lawful organization of schools. They have an interest in law sufficient to bring actions to require that the legal procedures prescribed for the dissoultion of school corporations and school district boundaries and the creation of new and different corporations and boundaries be followed and to prevent officials from following illegal procedures. *State ex rel. Jones* v. *Johnson Circuit Court, supra; Board of Election Commissioners et al.* v. *Knight* (1917), 187 Ind. 108, 117 N. E. 565; *Remster* v. *Sullivan* (1905), 36 Ind. App. 385, 75 N. E. 860; *Jackson School Townships* v. *State* (1932), 204 Ind. 251, 183 N. E. 657.

For all of the foregoing reasons, it is our opinion that the decision of the State Commission falls within the purview of the Administrative Adjudication and Court Review Act and within the wording of the hereinabove cited sections of said statute.

It is argued that the decision of the State Commission is merely "ministerial". A ministerial act is one in which there is no discretion or no necessity for a finding of fact, but is one in which an officer, board or commission may be subject to the action of mandate if there is a refusal to act in a particular way. In our opinion, the State Commission is not subject to a mandate action to approve or disapprove a particular plan, but it has a certain amount of latitude and discretion, that is, it has a quasi-judicial function to perform from which parties affected should have the right to appeal. *Knoy* v. *Indiana Real Estate Commission, supra.*

An examination of the Act (Burns' § 28-6115 (c), (d), (e), *supra,* clearly requires an administrative determination of the *fact* that a certain plan provides for a "satisfactory school organization" after a public hearing. This question was considered and decided adversely to the appellees in *State ex rel. Marion County Plan Comm.* v. *Marion Sup. Court Room 5* (1956), 235 Ind. 607, 135 N. E. 2d 516.

The General Assembly enacted the Administrative Ad-

judication and Court Review Act for the purpose of setting a uniform methed of appeal from administrative actions. This Court should keep that public policy objective in mind in interpreting the Act. A more orderly process would result from making the Act applicable, insofar as possible, to all administrative adjudications except where they are excluded by the statute. Rather than a myriad of miscellaneous and confusing means of appeals, which result in considerable havoc and injustices, there would then be a single means by which judicial review of most agency actions could be sought.

Upon the status of the record before us for the purposes of this proceeding, the motion to dismiss admits that the State Commission did not comply with said provisions of the School Reorganization Act.

For the reasons stated, we feel the appellants have attempted to take the proper route in using the Administrative Adjudication and Court Review Act in questioning the action of the State Commission on school reorganizations and that the trial court erred in dismissing their action.

The judgment of the trial court should be reversed.

Arterburn, J. concurs in the dissent.

NOTE.—Reported in 231 N. E. 2d 212.