Jerry Patterson, Chairman State Banking Board Banking Department 700 Jackson, Suite 300 Topeka, Kansas 66603
Dear Mr. Patterson:
As chairman of the state banking board you have requested our opinion as to the duties and responsibilities of the board pursuant to K.S.A.74-3006 and the personal liability of the members of the board.
K.S.A. 74-3006 states in pertinent part:
 "The board shall meet once each month, on such dates as it shall agree upon, and shall meet at such other times as the board may deem necessary or when called by the chairman of the board or any three members thereof. . . . The members of the board during business hours shall have free access to all of the records in the office of the commissioner. The board shall act in an advisory capacity in all matters pertaining to the conduct and welfare of the banking department and the administration of the banking laws of this state except as herein otherwise specifically provided."
Pursuant to K.S.A. 74-3006 it appears to be the duty and responsibility of the banking board to meet at least once a month and to be an advisory board to the banking department in regard to "matters pertaining to the conduct and welfare of the banking department and the administration of the banking laws of this state." Therefore, the banking board would be within its authority to advise the department on matters that are beyond those regarding state banks and trust companies (i.e. personnel matters).
However, the board is vested only with the power to act in an advisory capacity. Advisory has been held to mean "counseling, suggesting, or advising, but not imperative or conclusive. . . . To give an opinion or counsel, or recommend a plan or cause of action." McGraw v. MarionCounty Planning Commission, 174 N.E.2d 757, 760 (1961). Therefore, since there is nothing in K.S.A. 74-3006 which requires the banking department to follow the views of the banking board or that empowers the banking board beyond being an advisor to the banking department, we opine that their views are only recommendations and not mandates to the banking department.
Next, you question the personal liability of the banking board members.
The banking board was created by statute pursuant to K.S.A. 74-3004 etseq. The Kansas tort claims act (KTCA), K.S.A. 75-6101 et seq., "was enacted to make governmental liability the rule for negligent acts or omissions, and immunity the exception. K.S.A. 75-6103 imposes liability on governmental entities for the negligent or wrongful acts of omissions of employees acting within the scope of their employment. K.S.A. 75-6109
provides further that the governmental entity is liable, and shall indemnify its employees against damages caused by the employee while acting within this scope of employment." Attorney General Opinion No. 86-155.
An employee is defined as:
 "[a]ny officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity including elected or appointed officials or persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation." K.S.A. 1992 Supp. 75-6102(d) (emphasis added).
In our opinion, a member of the banking board would be included within the term "employee" under the KTCA when "acting on behalf or in service of [the banking board]."
K.S.A. 1992 Supp. 75-6104 lists the exceptions from liability. If the banking board's functions are found to fall within one of the exceptions from liability, then neither the board member or the governmental entity would be held responsible for acts or omissions of a board member acting within the scope of his employment.
Judgment can be rendered against the governmental entity or the employee but not both. K.S.A. 75-6107. The governmental entity may refuse to defend the employee if the actions fall within the provisions of K.S.A. 75-6108(c). Furthermore, the employee may be indemnified by the government if the act was within the scope of employment and the employee cooperated in good faith with the defense. K.S.A. 75-6109. K.S.A. 75-6116 covers defending civil rights violations; K.S.A. 75-6106
sets forth the effect of a settlement.
Therefore, a banking board member who properly requests such will be afforded protection from personal liability and legal representation under the KTCA as long as the member falls within the definition of an employee as set out in K.S.A. 1992 Supp. 75-6102(d) for non-malicious acts occurring within the scope of his or her employment pursuant to K.S.A. 75-6103(a).
In conclusion, we opine that the banking board members have the duty and responsibility pursuant to K.S.A. 74-3006 to meet at least once a month and to act in an advisory capacity to the banking department. A banking board member will generally be afforded protection from personal liability and legal representation under the Kansas tort claims act as long as the member falls within the definition of employee as found in K.S.A. 1992 Supp. 75-6102(d) and has acted within the scope of his or her employment pursuant to K.S.A. 75-6103(a).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General
RTS:JLM:MJS:bas