The BOARD OF SCHOOL TRUSTEES
OF SOUTH ADAMS SCHOOLS,
South Adams Schools, Appellants,

Loren Affolder, Norman
Haines, Intervenors,

v.

COMMISSION ON GENERAL EDU-
CATION OF the INDIANA STATE
BOARD OF EDUCATION; Harold H.
Negley, Indiana Superintendent of Pub-
lic Instruction as Chairman of that
Commission; and Timothy E. Bresna-
han and Stanley Brenneman, as Repre-
sentatives of a class of Taxpayers of
South Adams Schools, Appellees (Re-
spondents Below),

Adams County Election Board, Appellee
(Defendant Below).

No. 2–1283–A–454.

Court of Appeals of Indiana,
Second District.

June 6, 1986.

Nelson G. Grills, Indianapolis, for inter-
venors.

Bayh, Tabbert & Capehart, Indianapolis,
for appellees Timothy E. Bresnahan and
Stanley Brenneman, as Representatives of
a class of taxpayers of South Adams
Schools.

Linley E. Pearson, Atty. Gen., David Mi-
chael Wallman, Deputy Atty. Gen., Indi-
anapolis, for appellees Com'n on Gen.
Educ. of the Indiana State Bd. of Educ. and
Harold H. Negley, Indiana Superintendent
of Public Instruction, as Chairman of that
Com'n.

Blair A. Brown, Decatur, for appellee
Adams County Election Bd.

SHIELDS, Judge.

The Board of School Trustees of South
Adams Schools and South Adams Schools

(inclusively referred to as South Adams unless otherwise specifically described) petitioned the trial court for judicial review of a determination made by the Commission on General Education [1] of the State Board of Education (Commission). South Adams filed and unsuccessfully argued a motion for summary judgment seeking remand of the cause to the Commission for further action. South Adams appeals the trial court's denial of its motion.[2] We affirm.

## FACTS

Briefly, the facts leading to the petition for judicial review are as follows. A plan to change the method of selecting members of the Board of School Trustees of South Adams Schools was initiated by a petition signed by more than 20% of the registered voters of the School Corporation. Thereafter, the "petition plan" was presented to the School Board for consideration.[3] The Board disapproved the petition plan on the grounds it violated the Fourteenth Amendment to the United States Constitution and article I, section 23 of the Indiana Constitution. Contemporaneously with its disapproval, the School Board initiated two additional plans for the selection of board members.[4] In accordance with Ind.Code Ann. § 20–4–10.1–9 (Burns 1975), all three plans were submitted to the Commission for review. At its September 14, 1983 meeting, the Commission determined all three proposed plans met the statutory limitations of Ind.Code Ann. § 20–4–10.1–3 (Burns 1975) and certified the plans to the school board and the clerk of Adams County. South Adams petitioned for judicial review of the Commission's decision pursuant to Indiana's Administrative Adjudication Act. It appeals the trial court's denial of its summary judgment motion, arguing, as it did in its summary judgment motion, the Commission's decision is erroneous because it is not supported by the special findings of fact required by law to facilitate judicial review of administrative decisions.

## DISCUSSION

The issue is the right of South Adams to judicial review of the Commission's decision to certify the various plans for selecting the members of the school district's school board. As a part of a general procedure governing change in the method of selecting school board members, the Commission is directed by statute to review any plans submitted to it and to "revise them if necessary to cure any ambiguities and to insure their compliance with the limitations set out in IC 1971, 20–4–10.1–3." Ind.Code Ann. § 20–4–10.1–9 (Burns 1975). Ind. Code Ann. § 20–4–10.1–3 (Burns 1975) enumerates various requirements each plan must meet, including, in subsection (5), the mandate "(t)he plan shall comply with the provisions of the Constitution of the State

1. Ind.Code Ann. § 20–1–1–1 (Burns 1975). 1984 Ind. Acts, P.L. 20, § 22 by deletion abolished the Commission on General Education effective June 30, 1984. The responsibilities of the Commission now rest with the State Board of Education.

2. South Adams' appeal is authorized by a grant of leave from this court following an appropriate trial court certification pursuant to Indiana Rule of Appellate Procedure 4(B)(6).

3. The "petition plan" divides the school district into residential and at-large districts. Although the candidates must reside in the particular residential district they represent, all candidates are voted upon by all registered voters of the school district.

4. The Board initiated an "electoral district plan" and a "partial electoral district plan." The electoral district plan establishes a five-member board, requires each member to be a resident of a particular district, and provides the candidates are voted upon only by the registered voters residing in the particular district they seek to represent. The partial electoral district plan creates a seven-member board. It establishes residential districts and an at-large district. The candidates from the residential districts must reside within the districts they seek to represent and are voted upon only by the registered voters residing within the particular district. The three at-large members of the board are elected by all registered voters within the school district.

of Indiana and of the United States, including, but not limited to, the equal protection clauses thereof."

At its September 14, 1983 meeting, the Commission heard presentations by counsel representing South Adams [5] as well as citizens supporting one or the other of the plans. The Commission also received briefs and other materials regarding the plans. Following some discussion, the Commission certified the three plans submitted, thus opening the way for a special election as provided in Ind.Code Ann. § 20-4-10.1-10 (Burns 1975).

Judicial review of an administrative decision is predicated on the assumption the agency's determination constitutes an "administrative adjudication." If the decision is an adjudication, the adversely-affected party is entitled to numerous procedural safeguards codified in the Administrative Adjudication Act, (AAA), Ind.CodeAnn. § 4-22-1-1 *et seq.* (Burns 1982). In this case, the key issue is whether the Commission's determination is an administrative adjudication. For the reasons set forth below, we find it is not.[6]

The Commission's instant determination is not an administrative adjudication pursuant to our supreme court's decision in *LeRoy v. State Comm'n. for Reorganization* (1967), 249 Ind. 383, 231 N.E.2d 212. *LeRoy* involves an attempted judicial review of a decision of the State Commission for Reorganization of School Corporations which approved a final comprehensive plan for reorganization of school corporations in Starke County. The supreme court affirmed the trial court's dismissal of the petition for judicial review. In so doing, the supreme court concluded:

"the proceedings before the said State Commission, although necessary, are not final and for the further reason that the contemplated statutory functions of said State Commission generally, as here, are ministerial and not judicial."

231 N.E.2d at 213. The court thus held the AAA was inapplicable.

Under the statutory scheme involved in *LeRoy* the State Commission was charged with the responsibility of receiving and examining school reorganization plans and approving same if the plan provided "a satisfactory school organization." Burns Ind.Stat. § 28-351 (Repl.1970). If, in its judgment, any plan did not meet the minimum standards fixed by the State Commission or the school reorganization act, the State Commission was charged with the responsibility of assisting the "county committee in revising the plan so as to make it satisfactory." *Id.* It was these very functions of receiving, examining, revising and approving which the supreme court found ministerial and not judicial.

Similarly, under the statutory scheme involved in this litigation, plans are submitted to the Commission for review, revision, approval and certification. Ind.Code Ann. § 20-4-10.1-9 (Burns 1975). Also, as is the case with the State Commission in *LeRoy*, the review and revision are to insure conformity with statutory guidelines. *Id.* Hence, considering the factual and statutory similarities, our supreme court's decision in *LeRoy* is dispositive.

Moreover, even without *LeRoy*, we must conclude the instant procedure does not involve the AAA because it does not consti-

---

**5.** South Adams claimed two of the proposed plans are unconstitutional as applied.

**6.** The unavailability of judicial review under the Administrative Adjudication Act does not mean judicial review in the broad sense is una-

vailable. Because the issue is constitutional in dimension it may be particularly susceptible to review by a declaratory judgment action. *See e.g. Wright v. Kinnard* (1969), 144 Ind.App. 286, 245 N.E.2d 835.

tute an administrative adjudication. Hence, there is no right to judicial review pursuant to the AAA and, accordingly, the trial court properly denied South Adams' motion for summary judgment.

"Administrative adjudication" is defined, in relevant part, as "the administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons...." Ind.Code Ann. § 4–22–1–2 (Burns Supp.1985). The AAA goes on to provide:

> "In every administrative adjudication in which the rights, duties, obligations, privileges, or other legal relations of any person are required or authorized by statute to be determined by any agency, the same shall be made in accordance with this chapter and not otherwise."

Ind.Code Ann. § 4–22–1–3 (Burns Supp. 1985).[7]

An adjudication is not involved in the instant case. The Commission did not function as a fact finder to resolve disputes between supporters and opponents of a particular plan. The Commission's certification does not determine any rights, duties, obligations, privileges or other legal relations of South Adams. It has neither the power nor the authority to resolve the issue or dispute of whether and in what particulars an existing school plan should be changed. It cannot order relief to any person. Its certification of plans is not binding but merely preparatory to the final decision which is made at the polls when the voters of the school district decide whether to adopt a particular proposed plan.[8]

The Commission's decision does not constitute an administrative adjudication. Therefore, the trial court's decision deny-

ing South Adams' motion for summary judgment is correct.

Judgment affirmed and cause remanded for further proceedings.

SULLIVAN, J., concurs.

MILLER, J., sitting by designation, concurs.

---

**7.** Ind.Code Ann. § 4–22–1–2 (Burns Supp.1985) defines "person" as "any person, firm, association, partnership or corporation. It shall also include municipalities and all political subdivisions of government against which any agency may make an order or determination."

**8.** The legislature evidenced its intent to make the certification functions of the Commission non-adjudicatory by providing "the commission

may, but shall not be obligated to, hold hearings, and it shall make such investigation as it deems necessary...." Ind.Code Ann. § 20–4–10.1–9 (Burns 1975). The legislature, presumed mindful of the dictates of the AAA, would not provide for a hearing only at the Commission's will, in direct contravention of safeguards provided by the legislatively enacted AAA.